IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(WHEELING)

ELECTRONICALLY FILED
Apr 27 2022
U.S. DISTRICT COURT
Northern District of WV

TONYA TRIBETT, as the Executrix for the Estate of GEORGE MICHAEL TRIBETT, RONALD HELMS, ISOLDE HELMS, JOSEPH GIOVENGO, MICHELLE GIOVENGO, JEFFREY GIOVENGO, FRANK KIMBLE, CONNIE KIMBLE, JEREMY MOORE, WILLIAM BURKETT, ILSE BURKETT, GREG BEATTY, JANE BEATTY,

    Plaintiffs,

v.

COVESTRO LLC, THOMAS STILL, and CRAIG GRAYBILL,

    Defendants.

Civil Action No.: **5:22-CV-111 (Bailey)**

Removed from the Circuit Court of Marshall County, West Virginia
Civil Action No. 21-C-34

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Covestro ("Covestro LLC" or "Covestro") LLC, Thomas Still, and Craig Graybill (collectively "Defendants") file this Notice of Removal, removing the above-captioned case from the Circuit Court of Marshall County, West Virginia, to the United States District Court for the Northern District of West Virginia, Wheeling Division, and in support, state as follows:

4868-5592-9629

## STATEMENT OF REMOVAL

1.     On or about April 29, 2021, Plaintiffs, Tonya Tribett, as the Executrix for the Estate of George Michael Tribett, Ronald Helms, Isolde Helms, Joseph Giovengo, Michelle Giovengo, Jeffrey Giovengo, Frank Kimble, Connie Kimble, Jeremy Moore, William Burkett, Ilse Burkett, Greg Beatty, and Jane Beaty (collectively "Plaintiffs") filed this lawsuit in Marshall County Circuit Court, Civil Action No. 21-C-34, against Defendants, asserting several counts for negligence, premises liability, and loss of consortium.  A First Amended Complaint was filed on May 12, 2021.

2.     On May 28, 2021, Thomas Still was served with the Amended Complaint,[1] Plaintiffs' Initial Discovery Requests, and Notices of Deposition.  Subsequently, on June 11, 2021 both Covestro LLC and Craig Graybill received a copy of the First Amended Complaint, Plaintiffs' Initial Discovery Requests, and Notices of Deposition, through service on the Secretary of State. Pursuant to 28 U.S.C. § 1446(a), a certified copy of the docket sheet of the Circuit Court of Marshall County is ***attached as Exhibit A***.  In addition, true and complete copies of the affidavit of services, summons, pleadings, and orders filed in the state court action are ***attached as Exhibit B*** and incorporated herein by reference.

3.     Plaintiffs' Amended Complaint alleges that certain Plaintiffs were exposed to chemicals at Covestro LLC's New Martinsville manufacturing plant ("New Martinsville Plant") while employed as railroad workers ("Railroad Plaintiffs"). However, the factual allegations in the Amended Complaint failed to set forth any timeframes of employment/alleged exposure for the various Railroad Plaintiffs. *See generally* Ex. B, at Am. Compl.

---

[1] The initial "Complaint" of April 29, 2021, was never served on Defendants.

4868-5592-9629

4.     In addition, Plaintiffs' responses to Defendants' written discovery were vague, incomplete and evasive. As such, Defendants were forced to identify alternative means by which to conduct a factual inquiry into Plaintiffs' claims.

5.     Therefore, Defendants issued a subpoena to CSX Transportation, Inc. ("CSX") seeking information relative to the Railroad Plaintiffs' employment, medical files and other information potentially related to their claims.

6.     On April 8, 2022, CSX completed its production of information to Defendants and sent a letter certifying the completion of its response to the subpoena ("Letter of Certification"). *See* Letter of Certification, **attached as Exhibit C**.

7.     As discussed more fully below, during the review of the documents produced by CSX, it has become clear that Mr. Still has been fraudulently joined to this Civil Action solely to defeat federal jurisdiction.[2]

8.     Pursuant to 28 U.S.C. §1441(a), removal of an action is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a).

9.     Further, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." *See* 28 U.S.C. § 1332(a).

---

[2] "[T]he court is not bound by the allegations of the pleadings, but may instead 'consider the entire record ....'" *Conrad v. Ocwen Loan Servicing, LLC*, No. 1:17CV53, 2017 WL 3185142, at *3 (N.D. W.Va. July 26, 2017); *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

## *AMOUNT IN CONTROVERSY*

10. In their Amended Complaint, Plaintiffs seek monetary damages based upon their allegations that the Defendants caused multiple forms of damage, as set forth below. While Plaintiffs do not specify the total amount of damages that they seek to recover, it is clear given the totality of their claims, that the amount in controversy exceeds the jurisdictional minimum of $75,000.00. 28 U.S.C. §1332(a).

11. Indeed, ". . . as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014). *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (finding that ". . . it was inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.").

12. The fact that the amount of damages in Plaintiffs' Amended Complaint is unspecified is of no consequence to removal because the amount in controversy requirement, as explained below, is satisfied based on the nature of the factual allegations and the remedies sought.

13. The removing party bears the burden by a preponderance of the evidence to establish that the amount in controversy exceeds the jurisdictional threshold for removal. *See, e.g., Mulcahey v. Columbia Organic Chems. Co., Inc.* 29 F.3d 148, 151 (4th Cir. 1994); *Evans v. CDX Serv. LLC,* 528 F. Supp.2d 599, 605-06 (S.D. W.Va. 2007); *Green v. Metal Sales Manuf. Corp.*, 394 F. Supp.2d 864, 866 (S.D. W.Va. 2005); *Weddington v. Ford Motor Credit Co.,* 59 F. Supp.2d 578, 582 (S.D. W.Va. 1999) (applying preponderance standard to actions where amount of damages are unspecified). To satisfy the preponderance standard, "the removing party must show

that it is 'more likely than not that the amount in controversy exceeds the jurisdictional amount.'" *Weddington,* 59 F. Supp.2d at 583 (finding unspecified monetary damages exceeded jurisdictional limit based on allegations of the complaint); *see also McCoy v. Erie Ins. Co.,* 147 F. Supp. 2d 481 (S.D. W.Va. 2001) (reversing prior application of legal certainty standard and applying preponderance standard to all removals not just those with unspecified damages). In *Evans v. CDX Serv. LLC*, the United States District Court for the Southern District of West Virginia held that due to plaintiff's claims in the complaint for "'serious bodily injury,' 'tremendous pain and suffering,' 'loss of earning capacity,' and 'loss of ability to enjoy life'… one can easily conclude the amount in controversy is satisfied." *Evans,* 528 F. Supp.2d 599, 606 (S.D. W.Va. 2007) (citing *Campbell v. Rests. First/Neighborhood Rest. Inc.*, 303 F.Supp.2d 797, 799 (S.D. W.Va. 2004)).

14. Further, as Plaintiffs have made a claim for punitive damages, that can also be considered by the Court. *See* Ex. B., Am. Compl., p. 26. *See McCoy,* 147 F. Supp. 2d at 489 (counting punitive damages and attorney's fees as part of amount in controversy);; *Bryant v. Wal-Mart Stores, Inc.,* 117 F. Supp.2d 555, 556 (S.D. W.Va. 2002) (claims against corporate defendants frequently involve punitive damage awards that are many times greater than the amount of actual damages at issue); *John C. Moore v. William L.S. Landes, III,* Civ. No. WMN-03-3523004, 2004 WL 2358997, at *6-8 (D.Md. Mar. 31, 2004) (considering punitive damages is a factor for amount in controversy).

15. This case involves claims for medical expenses, loss of income, pain and suffering, mental anguish, and loss of ability to enjoy life on behalf of the Railroad Plaintiffs, all stemming from injuries that they allege are permanent in nature. Plaintiffs also allege loss of consortium damages on behalf of Isolde Helms, Michell Giovengo, Connie Kimble, Ilse Burkett, and Jane Beatty. Much like in *Evans*, given the Plaintiffs multiple claims, diverse theories of recovery and

compound requests for damages, including punitive damages, pain and suffering, mental anguish, and loss of ability to enjoy life, the total amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs. Moreover, because the case arises between citizens of different states, after the citizenship of the fraudulently joined defendant is properly disregarded, it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1332(a).

## DIVERSITY OF CITIZENSHIP

16. There is complete diversity between the Plaintiffs and each Defendant, except for Mr. Still whose citizenship should be disregarded based on fraudulent joinder, as discussed below.

17. As alleged in the Amended Complaint, the Plaintiffs are citizens of the United States and residents of West Virginia. *See* Ex. B, Am. Complaint, ¶¶ 1–12.

18. Covestro LLC is a Delaware limited liability company. "For purposes of diversity jurisdiction, the citizenship of a limited liability company […] is determined by the citizenship of all of its members…" *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) *citing Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). Covestro LLC's sole member is MS Holding B.V., a Dutch company, with its principal place of business in the Netherlands.

19. Defendant Craig Graybill was a resident of St. Clairsville, Ohio at the time of service of the Amended Complaint. Since the Amended Complaint has been filed, Mr. Graybill has become a resident of Texas.

20. It is alleged in the Amended Complaint that Mr. Still is the health and safety coordinator at Covestro LLC and is a resident of West Virginia. *See* Ex. B., at Am. Compl., ¶¶14, 44. In fact, Mr. Still is not and has never been the "health and safety coordinator" for Covestro. Mr. Still is a resident of West Virginia; however, as set forth below, his citizenship should be

disregarded on the basis that he is fraudulently joined in this matter to defeat diversity jurisdiction that would otherwise exist.

21. "To establish fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court." *O'Brien v. Allstate Ins. Co.,* 2010 U.S. Dist. LEXIS 134573 (N.D. W.Va. Dec. 20, 2010) (quoting *Hartley & CSX Transp., Inc.* 187 F.3d 422, 424 (4th Cir. 1999)). "[I]n order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against the co-defendant." *Id*.

22. The Defendants meet their burden of proof via the second basis identified above -- there is no possibility that Plaintiffs can or have alleged a cause of action against Mr. Still.

23. When determining whether a plaintiff has "no possibility" of recovering against an in-state defendant, courts examine both whether there is no possibility of a successful claim against the in-state defendant and whether the plaintiff really intends to obtain a joint judgment. *See Linnin v. Michielsens*, 372 F. Supp. 2d 811, 823-824 (E.D. Va. 2005) ("Assuming, for the sake of argument, that Defendant Michielsens could be found negligent in this case, it will be Hertz, the deep-pocket employer, who will ultimately be responsible for any damages under the doctrine of respondeat superior. . . . In this case, Plaintiff has nothing to gain from joining Defendant Michielsens except for defeating diversity.").

24. First, the Plaintiffs have not asserted any causes of action directed *specifically and solely* against Mr. Still. Although Plaintiffs appear to allege two causes of action against "all Defendants" (including Mr. Still), none of these causes of action are directed *solely* at Mr. Still.

In a February 2, 2012 order, the Southern District of West Virginia, in denying the plaintiffs' motion to remand and finding fraudulent joinder, addressed the issue of asserting claims against "all Defendants" generally. *See Powell v. Bank of America, N.A., et al.,* 2012 WL 315877 (S.D. W.Va. 2012). The *Powell* Court ultimately found that an individual, non-diverse defendant was fraudulently joined where plaintiff only referred to him in the "vague collective 'Defendants.'" *Id.* at 974-75 (citing *Cavallani v. State Farm Mut. Auto Ins.*, 44 F. 3d 256, 260-261 (5th Cir. 1995). Indeed, Courts in the Fourth Circuit have consistently held that a plaintiff's failure to allege sufficient facts connecting an individual defendant's action to the claim bars the claim against the individual defendant. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (finding fraudulent joinder because the plaintiff employee listed three resident defendants in the caption of the complaint, but did not provide any factual detail in the complaint about one resident defendant's actions and did not provide enough facts about the remaining resident defendants to connect any of them to the claims); *Allison v. Great Atl. & Pac. Tea Co.*, 99 F.2d 507, 509 (4th Cir. 1938) (finding fraudulent joinder because plaintiff's alleged facts did not establish that the non-diverse defendant owed a duty to plaintiff or that the non-diverse defendant was present when the plaintiff sustained an injury); *Beaudoin v. Sites*, 886 F. Supp. 1300, 1304 (E.D. Va. 1995) (finding that non-diverse defendants were fraudulently joined because they were not "in any way connected to [plaintiff's] accident and injury, let alone a cause of that injury").

25. Similarly, in *Kahle v. Chesapeake Energy Corp., et. al.,* 2011 WL 2182112 (N.D. W.Va. June 3, 2011), this Court analyzed whether the non-diverse, individual defendant Kevin Swiger was fraudulently joined in order to destroy diversity, as the allegations in the complaint did not relate to Swiger at all, nor was there specifically enumerated causes of action against him. This Honorable Court found that the only allegations specifically directed at Swiger in the entire

complaint was that he was a Field Representative for defendant Chesapeake and that he was a resident of West Virginia. *Id.* at *4. Accordingly, the Court held that Swiger had been fraudulently joined as there were no specific claims asserted against him nor any independent relief sought solely from him. *Id.* at *5.

26. Here, the allegations of the Amended Complaint reveal that Mr. Still is being sued only in his capacity as an employee and/or agent and/or apparent agent of Covestro LLC. *See* Ex. B, Am. Compl., ¶¶ 44, 45 ("Defendant Thomas Still is the health and safety coordinator for Defendant Covestro LLC . . . . As the safety coordinator for Defendant Covestro, LLC, Defendant Thomas Still owed a duty . . . ."). Much like in *Kahle*, no form of independent relief is sought from Mr. Still individually, nor are there any allegations of a tort against Mr. Still, that are separate and independent from a purported safety coordinator role with Covestro LLC. Accordingly, the sole purpose of Mr. Still being a named defendant is to deprive this Court of its diversity jurisdiction. *See Kahle,* 2011 WL 2182112; *see also Negri v. Nationwide Mut. Ins. Co., et al.,* 2011 WL 3648221 (N.D. W. Va. Dec. 30, 2010) (finding "no allegations in the plaintiff's complaint of an independent tort committed by [the individual defendant]").

27. Second, even if Plaintiffs had alleged sufficient facts against Mr. Still, which they did not, Plaintiffs still cannot sustain any claims against Mr. Still as a matter of law. There is no factual or legal possibility that Plaintiffs would be able to establish as cause of action against Mr. Still because the payroll and personnel files received from CSX demonstrate that the allegedly exposed Railroad Plaintiffs last exposure occurred in 2015, which is three years before Mr. Still assumed the role of Safety Engineer, which serves as the basis for Plaintiffs claims against him. *See O'Brien v. Allstate Ins. Co.,* 2010 U.S. Dist. LEXIS 134573, *2 (N.D. W.Va. Dec. 20, 2010)

(finding that fraudulent joinder exists when "there is no possibility that Plaintiffs would be able to establish a cause of action against the in-state defendant").

28. Plaintiffs assert counts for negligence, premises liability, and loss of consortium - all stemming from the alleged exposure to chemicals on Covestro's premises while Railroad Plaintiffs were employed by CSX. *See* Ex. B, Am. Compl., ¶¶ 57, 114–171.

29. During Defendants' review of CSX's personnel files for the Railroad Plaintiffs, it was revealed that the time frames of employment for Ronald Helms, Joseph Giovengo, Frank Kimble, Jeremy Moore, and George Tribett, previously provided in Plaintiffs' discovery responses, were inaccurate.

30. Even more importantly, a review of the Railroad Plaintiffs' payroll files revealed that none of the Railroad Plaintiffs had been assigned to the New Martinsville Plant since December 29, 2015. Indeed, CSX's payroll files track every job that a CSX employee performs during the entirety of their employment. As part of its production, CSX has stated that the job numbers associated with the New Martinsville Plant are "H722" and the "H725." With these specific job numbers in mind, Defendants reviewed each of the Railroad Plaintiffs personnel files and payroll file to determine when each of the Railroad Plaintiffs was employed and when each Railroad Plaintiff may have been working at the New Martinsville Plant. After a thorough review, Defendants were able to confirm the forthcoming information contained in Paragraphs 31–39.

31. Railroad Plaintiff Ronald Helms was employed at the B&O, Brooklyn and CSX Railroads from 1978 to 2002. *See* Pl. Helms's CSX personnel file, **attached as Exhibit D**. In addition, Railroad Plaintiff Ronald Helms' CSX payroll file clearly demonstrates that he has not been assigned to work at the New Martinsville Plant since April 16, 2002. *See* Pl. Helm's CSX payroll file, **attached as Exhibit E**.

32. Railroad Plaintiff Joseph Giovengo has been employed at CSX from 2000 to present. *See* Pl. Joseph Giovengo's CSX personnel file, ***attached as Exhibit F***. In addition, Joseph Giovengo's CSX payroll file clearly demonstrates that he has not been assigned to work at the New Martinsville Plant since April 19, 2005. *See* Pl. Joseph Giovengo's CSX payroll file, ***attached as Exhibit G***.

33. Railroad Plaintiff Jeffrey Giovengo has been employed at CSX from 1999 to present. *See* Pl. Jeffrey Giovengo's CSX personnel file, ***attached as Exhibit H.*** In addition, Jeffrey Giovengo's CSX payroll file clearly demonstrates that he has not been assigned to work at the New Martinsville Plant since December 29, 2015. *See* Pl. Jeffrey Giovengo's CSX payroll file, ***attached as Exhibit I***.

34. Railroad Plaintiff Frank Kimble was employed at the B&O, Brooklyn and CSX Railroads from 1976 to 2014. *See* Pl. Kimble's CSX personnel file, ***attached as Exhibit J***. In addition, Kimble's CSX payroll file clearly demonstrates that he has not been assigned to work at the New Martinsville Plant since October 4, 2011. *See* Pl. Kimble's CSX payroll file, ***attached as Exhibit K***.

35. Railroad Plaintiff Jeremy Moore has been employed by CSX from 1997 to present. *See* Pl. Moore's CSX personnel file, ***attached as Exhibit L***. Plaintiffs have provided no evidence that Railroad Plaintiff Jeremy Moore was assigned to work inside the fence line at the New Martinsville Plant during the time that Mr. Still held the position of Safety Engineer.

36. Railroad Plaintiff William Burkett was employed at the B&O Railroad and CSX from 1964 to 2001. *See* Pl. Burkett's CSX personnel file, ***attached as Exhibit M***. In addition, Burkett's CSX payroll file clearly demonstrates that he has not been assigned to work at the New

4868-5592-9629

Martinsville Plant since September 17, 2000. *See* Pl. Burkett's CSX payroll file, **attached as Exhibit N**.

37. Railroad Plaintiff Greg Beatty was employed at the Western Maryland Railway Company and CSX from 1978 to 2016. *See* Pl. Beatty's personnel file, **attached as Exhibit O**. In addition, Beatty's CSX payroll file clearly demonstrates that he has not been assigned to work at the New Martinsville Plant since July 21, 2011. *See* Pl. Beatty's CSX payroll file, **attached as Exhibit P.**

38. Railroad Plaintiff George Tribett alleges he was employed at the B&O, Brooklyn and CSX Railroads from 1968 to 2012. *See* Pl. Tribett's personnel file, **attached as Exhibit Q**. Based upon the date of Mr. Tribett's separation from CSX he could not have worked at the New Martinsville Plant since 2012. *See Id.*

39. In contrast, Mr. Still was hired by Covestro in 1998. From 1998 until 2018, Mr. Still was an hourly employee in various departments. From 2018 until 2020 Mr. Still worked as a Safety Engineer and from 2020 until present he has been employed as a Shift Supervisor. *See* Def. Still's Ans. to Pls' First Set of Discovery Reqs. at 5–6, **attached as Exhibit R.**

40. Accordingly, the alleged timing of the Railroad Plaintiffs' alleged exposure does not align with the position that Plaintiffs' allege subjects Mr. Still to liability. Indeed, a review of the CSX records has revealed that no Railroad Plaintiff has worked at or near the New Martinsville Plant since December 29, 2015. *See supra at* ¶¶ 30–37. This is three years prior to Mr. Still's position as Safety Engineer. *See* Ex. R, at 5-6. Thus, it is impossible for Railroad Plaintiffs to argue that their exposure occurred while Mr. Still was employed in a safety related position by Covestro.

41. Moreover, Plaintiffs' allegations against Mr. Still derive from the assertion that he was the health and safety coordinator for Covestro during the time wherein the Railroad Plaintiffs were allegedly exposed to certain chemicals. *See* Ex. B, Am. Compl., ¶¶ 44-48. Mr. Still has never been the "health and safety coordinator" for Covestro, nor has he ever had responsibility for third party contractors who may have been involved in inbound and outbound rail shipments as alleged in Plaintiffs' Amended Complaint. *See* Ex. R, at 5-6. Specifically, he never had any responsibility for the employees of CSX. *Id.*

42. Given the fact that none of the Railroad Plaintiffs can claim that they have been exposed to chemicals at the New Martinsville Plant since 2015, and that Mr. Still did not hold the position that Plaintiffs' allege forms the basis of his liability until 2018, there is no legal avenue by which the Plaintiffs can argue that that Mr. Still is liable to them for their alleged injuries either individually or via respondeat superior. *See Linnin*, 372 F. Supp. 2d at 823-24.

43. Consequently, even after resolving all issues of fact and law in the Plaintiffs' favor, there is no possibility of Plaintiffs establishing a cause of action against the one in-state Defendant, Mr. Still. Thus, Mr. Still has been fraudulently joined to this civil action, his citizenship should not be considered, and complete diversity of citizenship exists between Plaintiffs and Defendants.

### *REMOVAL PROCEDURE*

44. Removal is properly made to the United States District Court for the Northern District of West Virginia, Wheeling Division, under 28 U.S.C. § 1441(a), because Marshall County, where this action is pending, is within the Northern District of West Virginia, Wheeling, Division. *See* 28 U.S.C. § 129(a).

45. CSX's Letter of Certification qualifies as "other paper" as contemplated by 28 U.S.C. § 1446(b). *See Yarnevic v. Brink's Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (holding that

"the 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'"). *Bowyer v. Countrywide Home Loans Servicing LP*, 2009 WL 2599307, *3 (S.D. W.Va. Aug. 21, 2009) (Johnston, J.) ("By employing such broad wording [other paper] it is evident that Congress intended that nearly any written document generated in the course of litigation and received by the defendant can supply grounds for removal."); *Broderick v. Dellasandro*, 859 F. Supp. 176, 178 (E.D. Pa. 1994) ("In sum, the purpose of the statute "is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, *which may be communicated in a formal or informal manner.*") (emphasis added).

46. The Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) as it was filed within 30 days of receipt of CSX's Letter of Certification and within a year of the filing of this Civil Action.

47. A Notice of filing of Notice of Removal, with a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Marshall County, West Virginia, and served upon the adverse party, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, for these reasons, Defendants have removed this action from the Circuit Court of Marshall County, West Virginia, to the United States District Court for the Northern District of West Virginia, Wheeling Division.

    Respectfully submitted,

    **COVESTRO LLC, THOMAS STILL, and CRAIG GRAYBILL,**

    By Counsel,

/s/ Michael P. Leahey
Michael P. Leahey (WVSB #9934)

4868-5592-9629

Erin R. Vuljanic, Esq. (WVSB #10242)
JACKSON KELLY PLLC
Union Trust Building
501 Grant Street, Suite 1010
Pittsburgh, PA 15219
E-mail: mpleahey@jacksonkelly.com
E-mail: erin.vuljanic@jacksonkelly.com

Zachary H. Warder (WVSB #13566)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
E-mail: zachary.warder@jacksonkelly.com

4868-5592-9629

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(WHEELING)

| | |
|---|---|
| TONYA TRIBETT, as the Executrix for the Estate of GEORGE MICHAEL TRIBETT, RONALD HELMS, ISOLDE HELMS, JOSEPH GIOVENGO, MICHELLE GIOVENGO, JEFFREY GIOVENGO, FRANK KIMBLE, CONNIE KIMBLE, JEREMY MOORE, WILLIAM BURKETT, ILSE BURKETT, GREG BEATTY, JANE BEATTY,<br><br>       Plaintiffs,<br><br>v.<br><br>COVESTRO LLC, THOMAS STILL, and CRAIG GRAYBILL,<br><br>       Defendants. | Civil Action No.: **5:22-CV-111 (Bailey)**<br><br>Removed from the Circuit Court of Marshall County, West Virginia Civil Action No. 21-C-34 |

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing **"Notice of Removal"** was filed with the court through the ECF system, and copies of the above will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF), and paper copies will be sent to those indicated as non-registered participants on the 27th day of April, 2022.

                                      Paul J. Harris, Esquire
                                        32 Fifteenth Street
                                        Wheeling, WV  26003

                                        /s/ Michael P. Leahey
                                        Michael P. Leahey, Esq.

4868-5592-9629