# EXHIBIT B

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

FILED

2021 APR 29 PM 2: 58

JOSEPH M RICK

TONYA TRIBETT, as the Executrix for the
Estate of GEORGE MICHAEL TRIBETT,
RONALD HELMS, ISOLDE HELMS,
JOSEPH GIOVENGO,
MICHELLE GIOVENGO,
JEFFREY GIOVENGO,
FRANK KIMBLE, CONNIE KIMBLE,
JEREMY MOORE, WILLIAM BURKETT,
ILSE BURKETT, GREG BEATTY, JANE
BEATTY,

        Plaintiffs,

v.

COVESTRO LLC, THOMAS STILL, and
CRAIG GRAYBILL,

        Defendant.

Civil Action No. 21-C- _34_

## COMPLAINT

### Parties

1. Plaintiff Tonya Tribett, as the Executrix for the Estate of George Michael Tribett, is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. Plaintiff Tonya Tribett is the widow of George Michael Tribett.

2. Plaintiff Ronald Helms is a citizen of the United States and a resident of the State of West Virginia at the time of the filing.

3. Plaintiff Isolde Helms is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. Plaintiff Isolde Helms is the wife of Plaintiff Ronald Helms.

4. Plaintiff Joseph Giovengo, hereinafter "Plaintiff", is a citizen of the United States and a resident of the State of West Virginia at the time of this filing.

1

5. Plaintiff Michelle Giovengo is a citizen of the United States and a resident of the State of West Virginia at the time of this filing. Plaintiff Michelle Giovengo is the wife of Plaintiff Joseph Giovengo.

6. Plaintiff Jeffrey Giovengo is a citizen of the United States and a resident of the State of West Virginia at the time of the filing.

7. Plaintiff Frank Kimble is a citizen of the United States and a resident of the State of West Virginia at the time of the filing.

8. Plaintiff Connie Kimble a citizen of the United States and a resident of the State of West Virginia at the time of the filing. Plaintiff Connie Kimble is the wife of Plaintiff Frank Kimble.

9. Plaintiff Jeremy Moore is a citizen of the United States and a resident of the State of West Virginia at the time of the filing.

10. Plaintiff William Burkett is a citizen of the United States and a resident of the State of West Virginia at the time of the filing.

11. Plaintiff Greg Beatty is a citizen of the United States and a resident of the State of West Virginia at the time of the filing.

12. Plaintiff Jane Beatty a citizen of the United States and a resident of the State of West Virginia at the time of the filing. Plaintiff Jane Beatty is the wife of Plaintiff Greg Beatty.

13. Defendant Covestro LLC, is a limited liability company doing business in the State of West Virginia, including Marshall County, West Virginia. It is believed that Covestro LLC is the successor in interest to BayerMaterial Science, LLC.

14. Defendant Thomas Still, is a citizen of the United States and a resident of the State of West Virginia at the time of this filing.

15. Defendant Craig Graybill, is a citizen of the United States at the time of this filing.

## Jurisdiction/Venue

16. The Circuit Court of Marshall County, West Virginia has subject matter jurisdiction and venue lies within Marshall County, West Virginia because the wrongful acts of Defendants occurred in Marshall County, West Virginia and the exposure to the carcinogenic, toxic and dangerous chemicals occurred in Marshall County, West Virginia.

## Facts

17. Plaintiff Tonya Tribett is the widow of Plaintiff George Michael Tribett, hereinafter "Mike Tribett".

18. Plaintiff Mike Tribett passed away on July 26, 2019. Before his passing, Plaintiff Mike Tribett was diagnosed with chronic lymphocytic leukemia and small cell lymphocytic lymphoma, non-Hodgkins lymphoma.

19. Plaintiff Tonya Tribett was married to Mike Tribett and is the Executrix of Mike Tribett's estate.

20. Mike Tribett was employed with a railway company prior to his passing.

21. Plaintiff Ronald Helms was employed with a railway company.

22. Plaintiff Ronald Helms has been diagnosed with lymphoma and is receiving treatment for the same.

23. Plaintiff Isolde Helms is the wife of Plaintiff Ronald Helms.

24. Plaintiff Joseph Giovengo is a yardmaster at a railway company.

25. Plaintiff Joseph Giovengo is in his mid-40s and has been diagnosed with multiple cancerous tumors in his body, including his stomach and liver. The cancer has spread to his bones.

26. Plaintiff Joseph Giovengo and Plaintiff Michelle Giovengo are married, and there are three minor children in the household.

27. Plaintiff Jeffrey Giovengo is being treated for acute heart and kidney disease. After Plaintiff Jeffrey Giovengo had difficulty breathing, he was evaluated and his heart is only functioning at 20% (twenty-percent).

3

28. Plaintiff Frank Kimble has an encapsulated tumor on his lung.  Plaintiff Kimble has severe dyspnea.

29. Plaintiff Connie Kimble is the wife of Plaintiff Frank Kimble.

30. Plaintiff Jeremy Moore is forty-three (43) years old at the time of the filing of this complaint. Plaintiff Jeremy Moore has a lung burn injury from inhalation of a HCL acid spill and has developed Histoplasmosis of the lung.  Plaintiff Jeremy Moore has been treated out of state for these problems and regularly suffers from the development of pneumonia.

31. Plaintiff William Burkett suffers from lung and colon cancer.

32. Plaintiff Ilse Burkett is the wife of Plaintiff William Burkett.

33. Plaintiff Greg Beatty has fear and apprehension of contracting cancer based upon his exposure of toxic chemicals by Defendants.

34. Plaintiff Jane Beatty is the wife of Plaintiff Greg Beatty.

35. Defendant Covestro, LLC receives, distributes, and manufactures toxic chemicals at its facility located in Marshall County, West Virginia.

36. Defendant Covestro also uses the railway company where Plaintiff Mike Tribett (before his passing), Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty are/were employed to transport toxic chemicals.

37. The chemicals received, distributed, and manufactured by Defendant Covestro have routinely spilled thus exposing more persons in the area, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to the dangerous and harmful effects of exposure to such chemicals.

38. Just recently, in January 2021, a truck transporting chemicals from Defendant Covestro's facility spilled in Marshall County, West Virginia causing toxic and dangerous chemicals to contaminate the roadways.

4

39. Defendant Thomas Still is the health and safety coordinator for Defendant Covestro, LLC and he knew or should have known of the routine spilling of dangerous chemicals, thereby exposing Plaintiffs to such chemicals.

40. As the safety coordinator for Defendant Covestro, LLC, Defendant Thomas Still owed a duty to those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC.

41. Defendant Thomas Still had a duty to warn those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

42. Defendant Thomas Still knew, or should have known, the danger the toxic chemicals posed to the health and safety of individuals, including third parties.

43. Defendant Thomas Still had a duty to provide appropriate safety gear to any persons who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

44. Defendant Thomas Still had a duty to protect those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

45. Defendant Craig Graybill is the plant manager of Defendant Covestro and he knew or should have known of the routine spilling of dangerous chemicals, thereby exposing Plaintiffs to such chemicals.

46. Defendant Craig Graybill knew, or should have known, the danger the toxic chemicals posed to the health and safety of individuals, including third parties.

47. As the plant manager for Defendant Covestro, LLC, Defendant Craig Graybill owed a duty to those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC.

5

48. Defendant Craig Graybill had a duty to warn those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

49. Defendant Craig Graybill had a duty to provide appropriate safety gear to any persons who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

50. Defendant Craig Graybill had a duty to protect those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

51. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were never employed by Defendant Covestro.

52. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff and Greg Beatty have been exposed to the dangerous chemicals on Defendant's premises as a result of the spills of chemicals.

53. As a result of the spills, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been exposed to carcinogenic substances including toluene diisocyanate (hereinafter "TDI"), benzene, methylene diphenyl diisocyanate (hereinafter "MDI"), propylene oxide, and ethylene oxide.

54. TDI is a dangerous chemical and all Defendants are aware of its danger based upon its own "Safety Data Sheet" which lists TDI as "[s]uspected of causing cancer."

55. Testing has indicated that TDI and other carcinogenic, toxic, and dangerous chemicals received, distributed, and manufactured by Defendant Covestro have resulted in various

6

adverse health effects, including toxic effects to organs and body systems of persons exposed to said chemicals.

56. Because of TDI's chemical makeup, TDI remains in an exposed individual's system over long periods of time, with each additional exposure adding to the harm to the individual.

57. Even short or small exposures to TDI cause harm because the chemical accumulates in the individual's system.

58. TDI, and the other chemicals received, distributed, and manufactured by Defendant Covestro, are confirmed carcinogenic.

59. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to TDI either by itself, or combined in other products, with said exposure being in Marshall County, West Virginia.

60. Incidents of certain cancers and other severe adverse health effects, have been observed among workers exposed to such materials.

61. In fact, upon information and belief, approximately 80% of Plaintiffs' coworkers who work in the railway yard have also fallen ill from exposure to chemicals on Defendant Covestro's premises.

62. At some point, Defendant Covestro razed a plant that had benzene housed within it.

63. Benzene was released into the environment and Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the carcinogenic chemical.

64. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to benzene or products containing benzene, with said exposure being in Marshall County, West Virginia.

7

65. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to MDI or products containing MDI, with said exposure being in Marshall County, West Virginia.

66. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to propylene oxide or products containing propylene oxide, with said exposure being in Marshall County, West Virginia.

67. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to ethylene oxide or products containing ethylene oxide-containing, with said exposure being in Marshall County, West Virginia.

68. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to TDI by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

69. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to MDI by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

70. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to benzene by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

71. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and

8

Plaintiff Greg Beatty were exposed to propylene oxide by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

72. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to ethylene oxide by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

73. Plaintiff Mike Tribett passed away on July 26, 2019. Before his passing, Plaintiff Mike Tribett was diagnosed with chronic lymphocytic leukemia and small cell lymphocytic lymphoma, non-Hodgkins.

74. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Mike Tribett suffered and died from terminal cancer.

75. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Mike Tribett suffered and died from terminal cancer.

76. Plaintiff Tonya Tribett brings this suit within two (2) years of Plaintiff Mike Tribett's death caused by the exposure to aforesaid chemicals and his development of terminal cancer.

77. As a direct and proximate cause of Plaintiff Ronald Helms' exposure to aforesaid chemicals, Plaintiff Ronald Helms has been diagnosed with lymphoma and is receiving treatment for the same.

78. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Ronald Helms has suffered life threatening cancer.

79. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Ronald Helms has suffered life threatening cancer.

80. Plaintiff Isolde Helms has lost the consortium of her husband, Plaintiff Ronald Helms, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

81. Plaintiff Ronald Helms brings this suit within two (2) years of learning of the connection between Plaintiff Ronald Helms' exposure to aforesaid chemicals and his development of cancer.

82. As a direct and proximate cause of Plaintiff Joseph Giovengo's exposure to aforesaid chemicals, Plaintiff Joseph Giovengo has been diagnosed with cancer. He has a tumor in the stomach and major inoperable tumor load in his liver. The cancer has spread to his bones.

83. Plaintiff Joseph Giovengo has undergone genetic testing. The testing revealed that there is no genetic component which would cause his cancer. This testing occurred within two years of the filing of this complaint.

84. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Joseph Giovengo has suffered life threatening cancer.

85. Plaintiff Michelle Giovengo has lost the consortium of her husband, Plaintiff Joseph Giovengo, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

86. Plaintiff Joseph Giovengo brings this suit within two (2) years of learning of the connection between Plaintiff Joseph Giovengo's exposure to aforesaid chemicals and his development of cancer.

87. Plaintiff Jeffrey Giovengo is being treated for acute heart and kidney disease. After Plaintiff Jeffrey Giovengo had difficulty breathing, he was evaluated and his heart is only functioning at 20% (twenty-percent).

88. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Jeffrey Giovengo has suffered life threatening cancer.

89. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Jeffrey Giovengo has suffered life threatening cancer.

10

90. Plaintiff Jeffrey Giovengo brings this suit within two (2) years of learning of the connection between Plaintiff Jeffrey Giovengo's exposure to aforesaid chemicals and his development of cancer.

91. Plaintiff Frank Kimble has an encapsulated tumor on his lung. Plaintiff Kimble gasps for air and has extreme difficulty breathing.

92. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Frank Kimble has suffered life threatening cancer.

93. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Frank Kimble has suffered life threatening cancer.

94. Plaintiff Connie Kimble has lost the consortium of her husband, Plaintiff Frank Kimble, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

95. Plaintiff Frank Kimble brings this suit within two (2) years of learning of the connection between Plaintiff Frank Kimble's exposure to aforesaid chemicals and his development of cancer.

96. Plaintiff Jeremy Moore is forty-three (43) years old at the time of the filing of this complaint. Plaintiff Jeremy Moore has a lung burn injury from inhalation of a HCL acid spill and has developed Histoplasmosis of the lung. Plaintiff Jeremy Moore has been treated out of state for these problems and regularly suffers from the development of pneumonia.

97. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Jeremy Moore has suffered life threatening cancer.

98. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Jeremy Moore has suffered life threatening cancer.

11

99. Plaintiff Jeremy Moore brings this suit within two (2) years of learning of the connection between Plaintiff Jeremy Moore's exposure to aforesaid chemicals and his development of cancer.

100. Plaintiff William Burkett suffers from lung and colon cancer.

101. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff William Burkett has suffered life threatening cancer.

102. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff William Burkett has suffered life threatening cancer.

103. Plaintiff Isla Burkett has lost the consortium of her husband, Plaintiff Ronald Helms, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

104. Plaintiff William Burkett brings this suit within two (2) years of learning of the connection between Plaintiff William Burkett's exposure to aforesaid chemicals and his development of cancer.

105. Plaintiff Greg Beatty has fear and apprehension of contracting cancer based upon his exposure of toxic chemicals by Defendants.

106. Plaintiff Jane Beatty has lost the consortium of her husband, Plaintiff Greg Beatty, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants. Plaintiff Greg Beatty lives with debilitating fear and apprehension that he will develop life-threatening cancer.

107. This case was brought within two years of Plaintiff Greg Beatty's knowledge that his exposure to toxic chemicals, as a direct and proximate result of the negligence and recklessness of Defendants, may cause him to contract life-threatening cancer.

108. Plaintiffs have been damaged.

12

## Count One
## Negligence—Duty to warn (all defendants)

109.    Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 108 of this complaint.

110.    Defendants negligently and recklessly caused dangerous and toxic chemicals to be received, distributed, and manufactured and exposed Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty, and others to such toxic, dangerous, and carcinogenic chemicals.

111.    Defendants knew, or should have known, that the chemicals it receives, distributes, and manufactures are ultrahazardous in nature.

112.    Defendants owed a duty to all who may come into contact with the dangerous, carcinogenic and toxic chemicals, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to warn them of the potential hazards.

113.    Defendants are aware that it receives, distributes, and manufactures chemicals in such a manner that it causes persons, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to be exposed to the carcinogenic substances.

114.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the toxic, dangerous, and carcinogenic chemicals.

13

115. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty's illnesses are a direct and proximate result of the negligent, illegal, reckless, and improper conduct of Defendants.

116. As a direct and proximate result of the negligence of Defendants, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been inflicted with cancer, or the fear of contracting cancer.

117. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty's illnesses are permanent in nature, the elements of which are all expected to continue into the future and are as follows:

      a. Medical expenses;

      b. Loss of income;

      c. Pain and suffering;

      d. Mental anguish; and

      e. Loss of ability to enjoy life.

## Count Two
### Negligence—Failure to provide safe environment to public and third party contractors (all defendants)

118. Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 117 of this complaint.

119. Defendants negligently and recklessly caused dangerous and toxic chemicals to be received, distributed, and manufactured.

14

120. Defendants owed a duty to third party contractors on Defendant Covestro's premises and the public as a whole to provide a safe environment free from dangerous, toxic, and carcinogenic chemicals.

121. Defendants negligently and recklessly failed to provide a safe environment to third party contractors on its premises, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty and the public in general.

122. Defendants negligently and recklessly failed to promptly and properly clean any spills to negate any harmful health effects on third party contractors, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty, and the public in general.

123. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the dangerous, toxic, and carcinogenic chemicals.

124. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty's illnesses are a direct and proximate result of the negligent, illegal, and improper conduct of Defendants.

125. As a direct and proximate result of the negligence of Defendants, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been inflicted with cancer, or fear contracting cancer.

15

126.     Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey
         Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and
         Plaintiff Greg Beatty's illnesses are permanent in nature, the elements of which are all
         expected to continue into the future and are as follows:

         a. Medical expenses;

         b. Loss of income;

         c. Pain and suffering;

         d. Mental anguish; and

         e. Loss of ability to enjoy life.

## Count Three
### Negligence—Duty to take remedial action

127.     Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1
         through 126 of this complaint.

128.     Defendant Covestro negligently and recklessly caused dangerous, toxic, and carcinogenic
         chemicals to be received, manufactured and distributed.

129.     Defendant Covestro owed a duty to the public and third party contractors, including
         Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey
         Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and
         Plaintiff Greg Beatty to promptly take remedial action if any of the toxic chemicals were
         released into the air, through a spill or otherwise.

130.     Defendant breached this duty as evidenced by the numerous third party contractors falling
         ill, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo,
         Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William
         Burkett, and Plaintiff Greg Beatty.

16

131.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey

Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and

Plaintiff Greg Beatty were exposed to the toxic, dangerous, and carcinogenic chemicals.

132.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey

Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and

Plaintiff Greg Beatty's illnesses are a direct and proximate result of the negligent, illegal,

reckless, and improper conduct of Defendant.

133.    As a direct and proximate result of the negligence of Defendant, Plaintiff Mike Tribett,

Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank

Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have

been diagnosed with cancer, or fear contracting cancer.

134.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey

Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and

Plaintiff Greg Beatty's illnesses are permanent in nature, the elements of which are all

expected to continue into the future and are as follows:

    a. Medical expenses;

    b. Loss of income;

    c. Pain and suffering;

    d. Mental anguish; and

    e. Loss of ability to enjoy life.

## Count Four
## Violation of Statute

135.    Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1

through 134 of this complaint.

17

136. Upon information and belief, Defendant has violated numerous state regulations and statutes, including, but not limited to, state regulations and statutes relating to the workplace safety and transportation of dangerous chemicals.

137. Defendants' actions violate state statutes, and pursuant to W. Va. Code, §55-7-9, a cause of action arises.

138. As a direct and proximate result of Defendants' state regulation and statute violations, Plaintiffs have been damaged.

## Count Five
## Premises Liability

139. Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 138 of this complaint.

140. Defendant Covestro, at its facility located in Marshall County, West Virginia, was engaged in receiving, distributing, and manufacturing various chemicals as set forth *supra*.

141. Defendant Covestro owned, operated, maintained, controlled, supervised, inspected, and regulated the receiving, delivering, and manufacturing of various dangerous chemicals located at Defendant Covestro's facility.

142. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were upon Defendant Covestro's premises and property.

143. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty worked in and around structures, vessels, equipment, piping, ditches, and trenches which contained and/or processed chemicals, and which emitted chemical vapors into the air.

18

144. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the hazards described above in the ordinary and regular course of their work.

145. Defendant Covestro owed Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty the duty to provide a reasonably safe place to work, and a duty to exercise reasonable care in protecting them from hazards.

146. Defendant Covestro carelessly, negligently, recklessly, and wantonly operated, maintained, controlled, supervised, inspected, and regulated the premises as described above:

    a. failed to maintain proper and adequate safeguards;

    b. failed to provide safe and sufficient safeguards, precautions and personal protection equipment, so as to permit the creation of a dangerous and unsafe area, including a dangerous toxic chemical-contaminated premises, which Defendant Covestro knew or should have known existed;

    c. failed to make a reasonable inquiry to assure that Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were adequately warned and protected individuals, such as Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty against the hazards posed by the toxic, dangerous, and carcinogenic chemicals;

    d. failed to provide adequate environmental monitoring;

19

e.  failed to provide, institute, observe and enforce reasonable, adequate, proper, and acceptable safety rules and standards accepted and acceptable in the Defendant Covestro's industry in order to make safe the areas in, and conditions under, which Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty worked;

f.  failed to take reasonable precautions and/or failed to exercise due care to warn Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty, and those similarly situated of the danger and harm to which they were exposed as a result of working in, around, and on the aforementioned facilities where exposure to the hazardous chemicals in general occurred;

g.  required Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to perform their job duties in areas where they would be exposed to the toxic chemicals without being ward of the hazards associated therewith, and without being properly trained as to protect themselves therefrom;

h.  failure to provide Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty with proper personal protective equipment and clothing sufficient to protect them from inhalation and bodily exposure;

20

    i.    failure to provide adequate respiratory protection, if it provided any at all;

    j.    failed to provide proper personal protective equipment; and

    k.    was generally negligent, careless, and reckless in breaching its duty in providing a reasonably safe place and its duty of reasonable care as it related to persons such as Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty.

147.    As a direct and proximate result of the breaches of duty, carelessness, negligence, and recklessness of Defendant Covestro, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty developed cancer, or fear developing cancer. As a consequence of their cancer diagnoses, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been severely injured, disabled, and damaged.

### Count Six
### Loss of Consortium by Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty

148.    Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 147 of this complaint.

149.    Plaintiff Ronald Helms and Plaintiff Isolde Helms are married.

150.    Plaintiff Joseph Giovengo and Plaintiff Michelle are married.

151.    Plaintiff Frank Kimble and Plaintiff Connie Kimble are married.

152.    Plaintiff William Burkett and Ilse Burkett are married.

153.    Plaintiff Greg Beatty and Plaintiff Jane Beatty are married.

154.   Plaintiff Joseph Giovengo and Plaintiff Michelle Giovengo raise three minor children in their home.

155.   Plaintiff Ronald Helms and Plaintiff Isolde Helms enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

156.   Plaintiff Joseph Giovengo and Plaintiff Michelle Giovengo enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

157.   Plaintiff Frank Kimble and Plaintiff Connie Kimble enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

158.   Plaintiff William Burkett and Ilse Burkett enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

159.   Plaintiff Greg Beatty and Plaintiff Jane Beatty enjoy a close and mutually supportive relationship and Plaintiff Jane Beatty fears that her husband, Plaintiff Gregg Beatty, will contract cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

160.   As a result of her husband's development of cancer, and the injuries and illnesses as described, Plaintiff Isolde Helms has lost the general services, companionship, and society of her husband.

161.   As a result of her husband's development of cancer, and the injuries and illnesses as described, Plaintiff Michelle Giovengo has lost the general services, companionship, and society of her husband.

22

162.    As a result of her husband's development of cancer, and the injuries and illnesses as described, Plaintiff Connie Kimble has lost the general services, companionship, and society of her husband.

163.    As a result of her husband's development of cancer, and the injuries and illnesses as described, Ilse Burkett has lost the general services, companionship, and society of her husband.

164.    As a result of her husband's exposure to toxic chemicals, and the fear and apprehension of contracting a fatal disease, Plaintiff Jane Beatty has lost the general services, companionship, and society of her husband.

165.    As a result of Defendant's actions, Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty have suffered a loss of consortium.

166.    Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty have been damaged.


WHEREFORE, as a result of the development of cancer, or fear of contracting the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty suffered and sustained in the past, and will continue to suffer and sustain in the future, severe illness and injury to their persons which has forced and will force them to obtain medical treatment, and to incur medical expenses by way of doctor, hospital, and pharmacy bills.

Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty have suffered great pain, psychological injury, extreme nervousness, and mental anguish as a direct result of his development of cancer, or fear of contracting the same, and will continue to suffer the same in the future.

23

As a direct and proximate result of their development of cancer or the fear and apprehension of developing the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty's enjoyment of life and their ability to engage in normal activities have been greatly impaired and will continue to be impaired in the future.

As a direct and proximate result of their development of cancer, or fear and apprehension of developing the same Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty's life expectancy has been reduced. Plaintiff Mike Tribett succumbed to his illnesses on or about July 26, 2019.

As a direct and proximate result of their development of cancer, or fear and apprehension of developing the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty's ability to work and earn a living and their earning capacity was greatly impaired.

As a direct and proximate result of their development of cancer, or fear and apprehension of the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty have lost the ability to perform household services and will continue to do so in the future.

As a direct and proximate result of their development of cancer, or fear and apprehension of developing the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty have experienced annoyance and inconvenience, humiliation, embarrassment, aggravation, extreme anxiousness, and a fear of death in the past and will continue to do so in the future.

Plaintiffs demand judgment against Defendant in an amount of compensatory damages as the jury deems proper, and punitive damages for Defendants' recklessness and criminal

indifference to civil obligations, plus prejudgment and post-judgment interest, costs and attorney

fees.

**Plaintiffs demand a trial by jury.**

Plaintiffs,
by counsel,

Paul J. Harris
WV Bar # 4673
32 Fifteenth Street
Wheeling, WV 26003
304.232.5300

25

IN THE CIRCUIT COURT OF ~~FILED~~ Marshall **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

### I. CASE STYLE:

Case No. 21-C- 34

**Plaintiff(s)** JOSEPH M. RUCKI

TONYA TRIBETT, as Executrix for the Estate of

Judge: Cramer

George Michael Tribett, et al.

Plaintiff's Phone:

vs.

**Defendant(s)**

Covestro LLC

Name

| Days to Answer | Type of Service |
|---|---|
| 20 | Private Process Server |

Street Address

Defendant's Phone:

City, State, Zip Code

### II. TYPE OF CASE:

- [x] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

### III. JURY DEMAND: [x] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 12 / 2021

### IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?

[ ] Yes [x] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language:
- [ ] Other:

Attorney Name: Paul J. Harris

Firm: Harris Law Offices

Address: 32 Fifteenth Street, Wheeling, WV 26003

Telephone: 304.232.5300

[ ] **Proceeding Without an Attorney**

Representing:
- [x] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and 6 copies of complaint enclosed/attached.

Dated: 04 / 29 / 2021   Signature:

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

Plaintiff:  Tonya Tribett  _____ , *et al*   Case Number: 21-C- 34
vs.
Defendant: Covestro, LLC _____ FILED
                                         , *et al*

---

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Thomas Still
_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: ___ 20 ___

Type of Service: Private Process Server
_____

---

Craig Graybill
_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: ___ 20 ___

Type of Service: Private Process Server
_____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

_____
Defendant's Name

_____
Street Address

_____
City, State, Zip Code

Defendant's Phone: _____

Days to Answer: _____

Type of Service: _____

---

**SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page**           Revision Date: 4/2020

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

TONYA TRIBETT, as the Executrix for the
Estate of GEORGE MICHAEL TRIBETT,
RONALD HELMS, ISOLDE HELMS,
JOSEPH GIOVENGO,
MICHELLE GIOVENGO,
JEFFREY GIOVENGO,
FRANK KIMBLE, CONNIE KIMBLE,
JEREMY MOORE, WILLIAM BURKETT,
ILSE BURKETT, GREG BEATTY, JANE
BEATTY,

          Plaintiffs,

v.

COVESTRO LLC, THOMAS STILL, and
CRAIG GRAYBILL,

          Defendants.

2021 APR 30  PM 3: 06

JOSEPH M. RUCKI

Civil Action No. 21-C-34

### AFFIDAVIT OF PERSONAL SERVICE

STATE OF WEST VIRGINIA

COUNTY OF OHIO, TO-WIT:

    I, Anastasia Nixon, served a Subpoena Duces Tecum, in the above-referenced matter to Jana Conroy, a representative of Wheeling Hospital Medical Records Department, on the 30th day of April, 2021, by hand delivering a true copy of the same.

                        By: Anastasia Nixon

Taken, subscribed, and sworn to before me this 30th day of April, 2021.

My commission expires: March 5, 2024

Official Seal
Notary Public, State of West Virginia
Ann T. Gocsik
Harris Law Offices
32 Fifteenth Street
Wheeling, WV 26003
My Commission Expires March 05, 2024

                      Notary Public

-1-

3042325301          Harris Law Office                                        02:43:38 p.m.    04-30-2021        4 /4

# IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

TONYA TRIBETT, as the Executrix for the
Estate of GEORGE MICHAEL TRIBETT,
RONALD HELMS, ISOLDE HELMS,
JOSEPH GIOVENGO,
MICHELLE GIOVENGO,
JEFFREY GIOVENGO,
FRANK KIMBLE, CONNIE KIMBLE,
JEREMY MOORE, WILLIAM BURKETT,
ILSE BURKETT, GREG BEATTY, JANE
BEATTY,

        Plaintiffs,

v.

COVESTRO LLC, THOMAS STILL, and
CRAIG GRAYBILL,

        Defendants.

2021 APR 30  PM 3: 06

JOSEPH M. RUCKI

Civil Action No. 21-C-34

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF WEST VIRGINIA

COUNTY OF OHIO, TO-WIT:

        I, Anastasia Nixon, served a Subpoena Duces Tecum, in the above-referenced matter to
Kennedy, a representative of Dr. Richard Irvin's medical office, on the 30th day of April, 2021, by
hand delivering a true copy of the same.

                                     By: _Anastasia Nixon_

Taken, subscribed, and sworn to before me this 30th day of April, 2021.

My commission expires: _March 5, 2024_

Official Seal
Notary Public, State of West Virginia
Ann T. Gocsik
Harris Law Offices
32 Fifteenth Street
Wheeling, WV 26003
My Commission Expires March 05, 2024

                                       _Notary Public_

-1-

3042325301          Harris Law Office                                    02:43:04 p.m.    04-30-2021          2/4

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

TONYA TRIBETT, as the Executrix for the
Estate of GEORGE MICHAEL TRIBETT,
RONALD HELMS, ISOLDE HELMS,
JOSEPH GIOVENGO,
MICHELLE GIOVENGO,
JEFFREY GIOVENGO,                                    Civil Action No. 21-C-34
FRANK KIMBLE, CONNIE KIMBLE,
JEREMY MOORE, WILLIAM BURKETT,
ILSE BURKETT, GREG BEATTY, JANE
BEATTY,

      Plaintiffs,

v.

COVESTRO LLC, THOMAS STILL, and
CRAIG GRAYBILL,

      Defendants.



### AFFIDAVIT OF PERSONAL SERVICE

STATE OF WEST VIRGINIA
COUNTY OF OHIO, TO-WIT:

    I, Anastasia Nixon, served a Subpoena Duces Tecum, in the above-referenced matter to
Barb Pleva, a representative of Dr. Joseph Donzella's medical office, on the 30th day of April,
2021, by hand delivering a true copy of the same.

                               By: _Anastasia Nixon_

Taken, subscribed, and sworn to before me this 30th day of April, 2021.

My commission expires: _March 5, 2024_

                                       _Ann T. Gocsik_
                                       Notary Public

> Official Seal
> Notary Public, State of West Virginia
> Ann T. Gocsik
> Harris Law Offices
> 32 Fifteenth Street
> Wheeling, WV 26003
> My Commission Expires March 05, 2024

-1-

# HARRIS LAW OFFICES
## 32 FIFTEENTH STREET
### WHEELING, WV 26003
#### T.304.232.5300
#### F.304.232.5301

FILED

2021 APR 30 PM 2:46

JOSEPH M. HUCK

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Marshall County Circuit Clerk | Paul J. Harris, Esq. |
| COMPANY: | DATE: |
| | 04/30/2020 |
| FAX NUMBER: | TOTAL NO. OF PAGES, INCLUDING COVER: |
| 304.845.3948 | |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| | |
| RE: | YOUR REFERENCE NUMBER: |

Tribett, et al. v. Covestro, LLC, et al
Civil Action No. 21-C-34

---

( URGENT      ( FOR REVIEW      ( PLEASE COMMENT      ( PLEASE REPLY      ( PLEASE RECYCLE

---

NOTES/COMMENTS:

1

Xerox® VersaLink™ C405DN Multifunction Printer



## Transmission Report

Fax Number        3048453948
Local Name
Fax Name          Marshall County Circuit Clerk

The job has been sent.
Original Size: 8.5 x 11"

---

IN THE CIRCUIT COURT OF _____ Marshall _____ COUNTY, WEST VIRGINIA

**CIVIL CASE INFORMATION STATEMENT**
(Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Plaintiff(s)                                    Case No. 21-C-54
TONYA TRINITY, as Executrix for the Estate of   Judge: _____
George Michael Tribett, et al.

                                                Plaintiff's Phone _____

vs.                                             Days to
Defendant(s)                                    Answer    Type of Service
Covestro LLC                                    20        Private Process Server
Name

Street Address                                  Defendant's Phone _____

City, State, Zip Code

**II. TYPE OF CASE:**

☑ General Civil                          ☐ Adoption
☐ Mass Litigation [As defined in T.C.R. 26.04(a)]  ☐ Administrative Agency Appeal
   ☐ Asbestos                            ☐ Civil Appeal from Magistrate Court
   ☐ FELA Asbestos                       ☐ Miscellaneous Civil Petition
   ☐ Other:                              ☐ Mental Hygiene
☐ Habeas Corpus/Other Extraordinary Writ   ☐ Guardianship
☐ Other:                                 ☐ Medical Malpractice

**III. JURY DEMAND:** ☑ Yes ☐ No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 12 / 2021

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

☐ Yes ☑ No

IF YES, PLEASE SPECIFY:
☐ Wheelchair accessible hearing room and other facilities
☐ Reader or other auxiliary aid for the visually impaired
☐ Interpreter or other auxiliary aid for the deaf and hard of hearing
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Foreign language interpreter-specify language: _____
☐ Other: _____

Attorney Name: Paul J. Harris              Representing:
Firm: Harris Law Offices                   ☑ Plaintiff    ☐ Defendant
Address: 12 E Fourth Street, Wheeling, WV 26003   ☐ Cross-Defendant  ☐ Cross-Complainant
Telephone: 304.281.5300                    ☐ 3rd-Party Plaintiff  ☐ 3rd-Party Defendant

☐ Proceeding Without an Attorney

Original and ___6___ copies of complaint enclosed/attached.

Dated: 04 / 29 / 2021        Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 4/2020

---

| No. | Job | Remote Station | Start Date & Time | Duration | Pages | Protocol | Contents | Status |
|-----|-----|----------------|-------------------|----------|-------|----------|----------|--------|
| 1 | 7827 | 913048435079 | 4-30; 3:43 PM | 35 Secs | 2/2 | Super G3 | | Completed |

Printed On : 04/30/2021 3:48 PM
Copyright "2017 Xerox Corporation. All rights reserved. Xerox® and XEROX and Design® and VersaLink™ are trademarks of Xerox Corporation in the United States and / or other countries.

Page: 1(Last Page)

FILED

**IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA**

2021 MAY 12 PH 3: 39

TONYA TRIBETT, as the Executrix for the
Estate of GEORGE MICHAEL TRIBETT,
RONALD HELMS, ISOLDE HELMS,
JOSEPH GIOVENGO,
MICHELLE GIOVENGO,                                    Civil Action No. 21-C-34
JEFFREY GIOVENGO,
FRANK KIMBLE, CONNIE KIMBLE,
JEREMY MOORE, WILLIAM BURKETT,
ILSE BURKETT, GREG BEATTY, JANE
BEATTY,

        Plaintiffs,

v.

COVESTRO LLC, THOMAS STILL, and
CRAIG GRAYBILL,

        Defendant.

## FIRST AMENDED COMPLAINT

### Introduction

This case concerns Plaintiffs' exposure to benzene, toluene diisocyanate "TDI", methylene diphenyl diisocyanate, propylene oxide, and ethylene oxide, and other chemicals and metals including: chlorobenzene, dichlorobenzene, diethanolamine, ethylene glycol, ethylene oxide, formaldehyde, hexamethylene diisocyanate, hexane, hydrazine, hydrochloric acid, phthalic anhydride, propylene oxide, triethylamine, toluene, toluenediamine, xylene, miscellaneous organic hazardous air pollutants, metallic hazardous air pollutants, volatile organic compounds such as 1,1,1-trichlorethane, 1,2-dichlorobenzene, 1,4- dichlorobenzene, carbon tetrachloride, chlorobenzene, methylene chloride, trichloroethene, trichlorofluoromethane, semi-volatile organic compounds such as 1,2-dichlorobenzene, 1,2,4-trichlorobenzene, 2,4-dinitrotoluene, 2,6-

1

dinitrotoluene, 2,4-toluenediamine, 4,4-methylenedianiline, 5-nitro-o-toluidine aniline, bisphenol, bis(2-chloroethyl)ether, bis(2-ethylhexyl)phthalate, p-chloroaniline, chlorobenzene, m-,p-cresol, p-nitroso-di-n-propylamine, n-nitrosodiphenylamine, nitrobenzene, m-, o-, and p-nitrotoluene, m-, o-, and p-toluidine, metals such as antimony, cadmium, chromium, lead, and nickel, as well as other chemicals and heavy chemicals at Defendant Covestro's plant.

### Parties

1. Plaintiff Tonya Tribett, as the Executrix for the Estate of George Michael Tribett, is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. Plaintiff Tonya Tribett is the widow of George Michael Tribett. This complaint was filed within two years of George Michael Tribett's death.

2. Plaintiff Ronald Helms is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. The complaint was filed within two years of learning of the causal connection between Plaintiff Ronald Helms' exposure to chemicals and metals and his development of his illnesses.

3. Plaintiff Isolde Helms is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. Plaintiff Isolde Helms is the wife of Plaintiff Ronald Helms.

4. Plaintiff Joseph Giovengo, hereinafter "Plaintiff", is a citizen of the United States and a resident of the State of West Virginia at the time of this filing. The complaint was filed within two years of learning of the causal connection between Plaintiff Joseph Giovengo's exposure to chemicals and metals and his development of his illnesses.

5. Plaintiff Michelle Giovengo is a citizen of the United States and a resident of the State of West Virginia at the time of this filing. Plaintiff Michelle Giovengo is the wife of Plaintiff Joseph Giovengo.

6. Plaintiff Jeffrey Giovengo is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. The complaint was filed within two years of learning of the

causal connection between Plaintiff Jeffrey Giovengo's exposure to chemicals and metals and his development of his illnesses.

7.  Plaintiff Frank Kimble is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. The complaint was filed within two years of learning of the causal connection between Plaintiff Frank Kimble's exposure to chemicals and metals and his development of his illnesses.

8.  Plaintiff Connie Kimble a citizen of the United States and a resident of the State of West Virginia at the time of the filing.  Plaintiff Connie Kimble is the wife of Plaintiff Frank Kimble.

9.  Plaintiff Jeremy Moore is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. The complaint was filed within two years of learning of the causal connection between Plaintiff Jeremy Moore's exposure to chemicals and metals and his development of his illnesses.

10. Plaintiff William Burkett is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. The complaint was filed within two years of learning of the causal connection between Plaintiff William Burkett's exposure to chemicals and metals and his development of his illnesses.

11. Plaintiff Greg Beatty is a citizen of the United States and a resident of the State of West Virginia at the time of the filing. The complaint was filed within two years of learning of the causal connection between Plaintiff Greg Beatty's exposure to chemicals and metals and his development of his illnesses.

12. Plaintiff Jane Beatty a citizen of the United States and a resident of the State of West Virginia at the time of the filing.  Plaintiff Jane Beatty is the wife of Plaintiff Greg Beatty.

13. Defendant Covestro LLC, is a limited liability company doing business in the State of West Virginia, including Marshall County, West Virginia.  It is believed that Covestro LLC is the successor in interest to BayerMaterial Science, LLC.

14. Defendant Thomas Still, is a citizen of the United States and a resident of the State of West Virginia at the time of this filing.

15. Defendant Craig Graybill, is a citizen of the United States at the time of this filing.

### Jurisdiction/Venue

16. The Circuit Court of Marshall County, West Virginia has subject matter jurisdiction and venue lies within Marshall County, West Virginia because the wrongful acts of Defendants occurred in Marshall County, West Virginia and the exposure to the carcinogenic, toxic and dangerous chemicals occurred in Marshall County, West Virginia.

### Facts

17. Per the West Virginia Department of Environmental Protection filing, Defendant Covestro received, distributed, and manufactured the following chemicals, volatile organic compounds, semi-volatile organic compounds, and metals: benzene, toluene diisocyanate "TDI", methylene diphenyl diisocyanate, propylene oxide, and ethylene oxide, chlorobenzene, dichlorobenzene, diethanolamine, ethylene glycol, ethylene oxide, formaldehyde, hexamethylene diisocyanate, hexane, hydrazine, hydrochloric acid, phthalic anhydride, propylene oxide, triethylamine, toluene, toluenediamine, xylene, miscellaneous organic hazardous air pollutants, metallic hazardous air pollutants, volatile organic compounds such as 1,1,1-trichlorethane, 1,2-dichlorobenzene, 1,4- dichlorobenzene, carbon tetrachloride, chlorobenzene, methylene chloride, trichloroethene, trichlorofluoromethane, semi-volatile organic compounds such as 1,2-dichlorobenzene, 1,2,4-trichlorobenzene, 2,4-dinitrotoluene, 2,6-dinitrotoluene, 2,4-toluenediamine, 4,4-methylenedianiline, 5-nitro-o-toluidine aniline, bisphenol, bis(2-chloroethyl)ether, bis(2-ethylhexyl)phthalate, p-chloroaniline, chlorobenzene, m-,p-cresol, p-nitroso-di-n-propylamine, n-nitrosodiphenylamine, nitrobenzene, m-, o-, and p-nitrotoluene, m-, o-, and p-toluidine, metals such as antimony, cadmium, chromium, lead, and nickel.

4

18. Plaintiff Tonya Tribett is the widow of Plaintiff George Michael Tribett, hereinafter "Mike Tribett".

19. Plaintiff Mike Tribett passed away on July 26, 2019. Before his passing, Plaintiff Mike Tribett was diagnosed with chronic lymphocytic leukemia and small cell lymphocytic lymphoma, non-Hodgkins lymphoma.

20. Plaintiff Tonya Tribett was married to Mike Tribett and is the Executrix of Mike Tribett's estate.

21. Mike Tribett was employed with a railway company prior to his passing.

22. Plaintiff Ronald Helms was employed with a railway company.

23. Plaintiff Ronald Helms has been diagnosed with non-Hodgkin's B-cell lymphoma and is receiving treatment for the same.

24. Plaintiff Isolde Helms is the wife of Plaintiff Ronald Helms.

25. Plaintiff Joseph Giovengo is a yardmaster at a railway company.

26. Plaintiff Joseph Giovengo is in his mid-40s and has been diagnosed with multiple cancerous tumors in his body, including his stomach and liver. The cancer has spread to his bones.

27. Plaintiff Joseph Giovengo and Plaintiff Michelle Giovengo are married, and there are three minor children in the household.

28. Plaintiff Jeffrey Giovengo is being treated for acute heart and kidney disease. After Plaintiff Jeffrey Giovengo had difficulty breathing, he was evaluated and his heart had an ejection fraction of 15%.

29. Plaintiff Frank Kimble has an encapsulated tumor on his lung. Plaintiff Kimble has severe dyspnea.

30. Plaintiff Connie Kimble is the wife of Plaintiff Frank Kimble.

31. Plaintiff Jeremy Moore is forty-three (43) years old at the time of the filing of this complaint.

32. Plaintiff Jeremy Moore has a lung burn injury from inhalation of a hydrochloric acid spill and has developed histoplasmosis of the lung.

33. Plaintiff Jeremy Moore has pulmonary nodules, chronic obstructive pulmonary disease, and asthma.

34. Plaintiff Jeremy Moore has been treated out of state for these problems and regularly suffers from the development of pneumonia.

35. Plaintiff William Burkett suffers from non-Hodgkin's lymphoma.

36. Plaintiff William Burkett suffered from a cerebral vascular accident.

37. Plaintiff Ilse Burkett is the wife of Plaintiff William Burkett.

38. Plaintiff Greg Beatty has fear and apprehension of contracting cancer based upon his exposure of toxic chemicals by Defendants.

39. Plaintiff Jane Beatty is the wife of Plaintiff Greg Beatty.

40. Defendant Covestro, LLC receives, distributes, and manufactures toxic chemicals at its facility located in Marshall County, West Virginia.

41. Defendant Covestro also uses the railway company where Plaintiff Mike Tribett (before his passing), Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty are/were employed to transport toxic chemicals.

42. The chemicals received, distributed, and manufactured by Defendant Covestro have routinely spilled thus exposing more persons in the area, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to the dangerous and harmful effects of exposure to such chemicals.

43. Just recently, in January 2021, a truck transporting chemicals from Defendant Covestro's facility spilled in Marshall County, West Virginia causing toxic and dangerous chemicals to contaminate the roadways.

44. Defendant Thomas Still is the health and safety coordinator for Defendant Covestro, LLC and he knew or should have known of the routine spilling of dangerous chemicals, thereby exposing Plaintiffs to such chemicals.

45. As the safety coordinator for Defendant Covestro, LLC, Defendant Thomas Still owed a duty to those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC.

46. Defendant Thomas Still had a duty to warn those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

47. Defendant Thomas Still knew, or should have known, the danger the toxic chemicals posed to the health and safety of individuals, including third parties.

48. Defendant Thomas Still had a duty to provide appropriate safety gear to any persons who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

49. Defendant Thomas Still had a duty to protect those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

50. Defendant Craig Graybill is the plant manager of Defendant Covestro and he knew or should have known of the routine spilling of dangerous chemicals, thereby exposing Plaintiffs to such chemicals.

51. Defendant Craig Graybill knew, or should have known, the danger the toxic chemicals posed to the health and safety of individuals, including third parties.

52. As the plant manager for Defendant Covestro, LLC, Defendant Craig Graybill owed a duty to those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC.

53. Defendant Craig Graybill had a duty to warn those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

54. Defendant Craig Graybill had a duty to provide appropriate safety gear to any persons who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

55. Defendant Craig Graybill had a duty to protect those who may come into contact with the dangerous and toxic chemicals received, distributed, and manufactured by Defendant Covestro, LLC, including third parties who may come into contact with said chemicals.

56. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were never employed by Defendant Covestro.

57. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff and Greg Beatty have been exposed to the dangerous chemicals on Defendant's premises as a result of the spills of chemicals.

58. As a result of the spills, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been exposed to carcinogenic substances including toluene diisocyanate (hereinafter "TDI"), benzene, methylene diphenyl diisocyanate (hereinafter "MDI"), propylene oxide, and ethylene oxide.

59. TDI is a dangerous chemical and all Defendants are aware of its danger based upon its own "Safety Data Sheet" which lists TDI as "[s]uspected of causing cancer."

60. Testing has indicated that TDI and other carcinogenic, toxic, and dangerous chemicals received, distributed, and manufactured by Defendant Covestro have resulted in various

8

adverse health effects, including toxic effects to organs and body systems of persons exposed to said chemicals.

61. Because of TDI's chemical makeup, TDI remains in an exposed individual's system over long periods of time, with each additional exposure adding to the harm to the individual.

62. Even short or small exposures to TDI cause harm because the chemical accumulates in the individual's system.

63. TDI, and the other chemicals received, distributed, and manufactured by Defendant Covestro, are confirmed carcinogenic.

64. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to TDI either by itself, or combined in other products, with said exposure being in Marshall County, West Virginia.

65. Incidents of certain cancers and other severe adverse health effects, have been observed among workers exposed to such materials.

66. In fact, upon information and belief, approximately 80% of Plaintiffs' coworkers who work in the railway yard have also fallen ill from exposure to chemicals on Defendant Covestro's premises.

67. At some point, Defendant Covestro razed a plant that had benzene housed within it.

68. Benzene was released into the environment and Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the carcinogenic chemical.

69. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to benzene or products containing benzene, with said exposure being in Marshall County, West Virginia.

70. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to MDI or products containing MDI, with said exposure being in Marshall County, West Virginia.

71. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to propylene oxide or products containing propylene oxide, with said exposure being in Marshall County, West Virginia.

72. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to ethylene oxide or products containing ethylene oxide-containing, with said exposure being in Marshall County, West Virginia.

73. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to TDI by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

74. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to MDI by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

75. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to benzene by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

76. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and

Plaintiff Greg Beatty were exposed to propylene oxide by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

77. Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to ethylene oxide by means of inhalation and through contact with said dangerous, toxic and carcinogenic chemicals.

78. Plaintiff Mike Tribett passed away on July 26, 2019. Before his passing, Plaintiff Mike Tribett was diagnosed with chronic lymphocytic leukemia and small cell lymphocytic lymphoma, non-Hodgkins.

79. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Mike Tribett suffered and died from terminal cancer.

80. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Mike Tribett suffered and died from terminal cancer.

81. Plaintiff Tonya Tribett brings this suit within two (2) years of Plaintiff Mike Tribett's death caused by the exposure to aforesaid chemicals and his development of terminal cancer.

82. As a direct and proximate cause of Plaintiff Ronald Helms' exposure to aforesaid chemicals, Plaintiff Ronald Helms has been diagnosed with lymphoma and is receiving treatment for the same.

83. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Ronald Helms has suffered life threatening cancer.

84. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Ronald Helms has suffered life threatening cancer.

85. Plaintiff Isolde Helms has lost the consortium of her husband, Plaintiff Ronald Helms, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

86. Plaintiff Ronald Helms brings this suit within two (2) years of learning of the connection between Plaintiff Ronald Helms' exposure to aforesaid chemicals and his development of cancer.

87. As a direct and proximate cause of Plaintiff Joseph Giovengo's exposure to aforesaid chemicals, Plaintiff Joseph Giovengo has been diagnosed with cancer. He has a tumor in the stomach and major inoperable tumor load in his liver. The cancer has spread to his bones.

88. Plaintiff Joseph Giovengo has undergone genetic testing. The testing revealed that there is no genetic component which would cause his cancer. This testing occurred within two years of the filing of this complaint.

89. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Joseph Giovengo has suffered life threatening cancer.

90. Plaintiff Michelle Giovengo has lost the consortium of her husband, Plaintiff Joseph Giovengo, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

91. Plaintiff Joseph Giovengo brings this suit within two (2) years of learning of the connection between Plaintiff Joseph Giovengo's exposure to aforesaid chemicals and his development of cancer.

92. Plaintiff Jeffrey Giovengo is being treated for acute heart and kidney disease. After Plaintiff Jeffrey Giovengo had difficulty breathing, he was evaluated and his heart is only functioning at 20% (twenty-percent).

93. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Jeffrey Giovengo has suffered life threatening cancer.

94. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Jeffrey Giovengo has suffered life threatening cancer.

95. Plaintiff Jeffrey Giovengo brings this suit within two (2) years of learning of the connection between Plaintiff Jeffrey Giovengo's exposure to aforesaid chemicals and his development of cancer.

96. Plaintiff Frank Kimble has an encapsulated tumor on his lung.  Plaintiff Kimble gasps for air and has extreme difficulty breathing.

97. As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Frank Kimble has suffered life threatening cancer.

98. As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Frank Kimble has suffered life threatening cancer.

99. Plaintiff Connie Kimble has lost the consortium of her husband, Plaintiff Frank Kimble, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

100.    Plaintiff Frank Kimble brings this suit within two (2) years of learning of the connection between Plaintiff Frank Kimble's exposure to aforesaid chemicals and his development of cancer.

101.    Plaintiff Jeremy Moore is forty-three (43) years old at the time of the filing of this complaint.  Plaintiff Jeremy Moore has a lung burn injury from inhalation of a HCL acid spill and has developed Histoplasmosis of the lung.  Plaintiff Jeremy Moore has been treated out of state for these problems and regularly suffers from the development of pneumonia.

102.    As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff Jeremy Moore has suffered life threatening cancer.

103.    As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff Jeremy Moore has suffered life threatening cancer.

104.   Plaintiff Jeremy Moore brings this suit within two (2) years of learning of the connection between Plaintiff Jeremy Moore's exposure to aforesaid chemicals and his development of cancer.

105.   Plaintiff William Burkett suffers from lung and colon cancer.

106.   As a direct and proximate result of the negligence and recklessness of Defendant Covestro, LLC, Plaintiff William Burkett has suffered life threatening cancer.

107.   As a direct and proximate result of the negligence and recklessness of Defendants, Plaintiff William Burkett has suffered life threatening cancer.

108.   Plaintiff Isla Burkett has lost the consortium of her husband, Plaintiff Ronald Helms, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.

109.   Plaintiff William Burkett brings this suit within two (2) years of learning of the connection between Plaintiff William Burkett's exposure to aforesaid chemicals and his development of cancer.

110.   Plaintiff Greg Beatty has fear and apprehension of contracting cancer based upon his exposure of toxic chemicals by Defendants.

111.   Plaintiff Jane Beatty has lost the consortium of her husband, Plaintiff Greg Beatty, as he is unable to perform household duties as a direct and proximate result of his exposure to the toxic, dangerous, and carcinogenic chemicals he was exposed to based upon the negligence and recklessness of Defendants.  Plaintiff Greg Beatty lives with debilitating fear and apprehension that he will develop life-threatening cancer.

112.   This case was brought within two years of Plaintiff Greg Beatty's knowledge that his exposure to toxic chemicals, as a direct and proximate result of the negligence and recklessness of Defendants, may cause him to contract life-threatening cancer.

113.   Plaintiffs have been damaged.

## Count One
## Negligence—Duty to warn (all defendants)

114.   Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 108 of this complaint.

115.   Defendants negligently and recklessly caused dangerous and toxic chemicals to be received, distributed, and manufactured and exposed Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty, and others to such toxic, dangerous, and carcinogenic chemicals.

116.   Defendants knew, or should have known, that the chemicals it receives, distributes, and manufactures are ultrahazardous in nature.

117.   Defendants owed a duty to all who may come into contact with the dangerous, carcinogenic and toxic chemicals, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to warn them of the potential hazards.

118.   Defendants are aware that it receives, distributes, and manufactures chemicals in such a manner that it causes persons, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to be exposed to the carcinogenic substances.

119.   Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the toxic, dangerous, and carcinogenic chemicals.

120.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty's illnesses are a direct and proximate result of the negligent, illegal, reckless, and improper conduct of Defendants.

121.    As a direct and proximate result of the negligence of Defendants, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been inflicted with cancer, or the fear of contracting cancer.

122.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty's illnesses are permanent in nature, the elements of which are all expected to continue into the future and are as follows:

        a. Medical expenses;

        b. Loss of income;

        c. Pain and suffering;

        d. Mental anguish; and

        e. Loss of ability to enjoy life.

## Count Two
## Negligence—Failure to provide safe environment to public and third party contractors (all defendants)

123.    Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 117 of this complaint.

124.    Defendants negligently and recklessly caused dangerous and toxic chemicals to be received, distributed, and manufactured.

125.   Defendants owed a duty to third party contractors on Defendant Covestro's premises and the public as a whole to provide a safe environment free from dangerous, toxic, and carcinogenic chemicals.

126.   Defendants negligently and recklessly failed to provide a safe environment to third party contractors on its premises, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty and the public in general.

127.   Defendants negligently and recklessly failed to promptly and properly clean any spills to negate any harmful health effects on third party contractors, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty, and the public in general.

128.   Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the dangerous, toxic, and carcinogenic chemicals.

129.   Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty's illnesses are a direct and proximate result of the negligent, illegal, and improper conduct of Defendants.

130.   As a direct and proximate result of the negligence of Defendants, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been inflicted with cancer, or fear contracting cancer.

131.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey
Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and
Plaintiff Greg Beatty's illnesses are permanent in nature, the elements of which are all
expected to continue into the future and are as follows:

a. Medical expenses;

b. Loss of income;

c. Pain and suffering;

d. Mental anguish; and

e. Loss of ability to enjoy life.

## Count Three
## Negligence—Duty to take remedial action

132.    Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1
through 126 of this complaint.

133.    Defendant Covestro negligently and recklessly caused dangerous, toxic, and carcinogenic
chemicals to be received, manufactured and distributed.

134.    Defendant Covestro owed a duty to the public and third party contractors, including
Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey
Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and
Plaintiff Greg Beatty to promptly take remedial action if any of the toxic chemicals were
released into the air, through a spill or otherwise.

135.    Defendant breached this duty as evidenced by the numerous third party contractors falling
ill, including Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo,
Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William
Burkett, and Plaintiff Greg Beatty.

136.   Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the toxic, dangerous, and carcinogenic chemicals.

137.   Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty's illnesses are a direct and proximate result of the negligent, illegal, reckless, and improper conduct of Defendant.

138.   As a direct and proximate result of the negligence of Defendant, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been diagnosed with cancer, or fear contracting cancer.

139.   Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty's illnesses are permanent in nature, the elements of which are all expected to continue into the future and are as follows:

      a. Medical expenses;

      b. Loss of income;

      c. Pain and suffering;

      d. Mental anguish; and

      e. Loss of ability to enjoy life.

### Count Four
### Violation of Statute

140.   Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 134 of this complaint.

141.    Upon information and belief, Defendant has violated numerous state regulations and statutes, including, but not limited to, state regulations and statutes relating to the workplace safety and transportation of dangerous chemicals.

142.    Defendants' actions violate state statutes, and pursuant to W. Va. Code, §55-7-9, a cause of action arises.

143.    As a direct and proximate result of Defendants' state regulation and statute violations, Plaintiffs have been damaged.

**Count Five**
**Premises Liability**

144.    Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 138 of this complaint.

145.    Defendant Covestro, at its facility located in Marshall County, West Virginia, was engaged in receiving, distributing, and manufacturing various chemicals as set forth *supra*.

146.    Defendant Covestro owned, operated, maintained, controlled, supervised, inspected, and regulated the receiving, delivering, and manufacturing of various dangerous chemicals located at Defendant Covestro's facility.

147.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were upon Defendant Covestro's premises and property.

148.    Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty worked in and around structures, vessels, equipment, piping, ditches, and trenches which contained and/or processed chemicals, and which emitted chemical vapors into the air.

149.   Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were exposed to the hazards described above in the ordinary and regular course of their work.

150.   Defendant Covestro owed Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty the duty to provide a reasonably safe place to work, and a duty to exercise reasonable care in protecting them from hazards.

151.   Defendant Covestro carelessly, negligently, recklessly, and wantonly operated, maintained, controlled, supervised, inspected, and regulated the premises as described above:

    a.   failed to maintain proper and adequate safeguards;

    b.   failed to provide safe and sufficient safeguards, precautions and personal protection equipment, so as to permit the creation of a dangerous and unsafe area, including a dangerous toxic chemical-contaminated premises, which Defendant Covestro knew or should have known existed;

    c.   failed to make a reasonable inquiry to assure that Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty were adequately warned and protected individuals, such as Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty against the hazards posed by the toxic, dangerous, and carcinogenic chemicals;

    d.   failed to provide adequate environmental monitoring;

e.   failed to provide, institute, observe and enforce reasonable, adequate, proper, and acceptable safety rules and standards accepted and acceptable in the Defendant Covestro's industry in order to make safe the areas in, and conditions under, which Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty worked;

f.   failed to take reasonable precautions and/or failed to exercise due care to warn Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, Plaintiff Greg Beatty, and those similarly situated of the danger and harm to which they were exposed as a result of working in, around, and on the aforementioned facilities where exposure to the hazardous chemicals in general occurred;

g.   required Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty to perform their job duties in areas where they would be exposed to the toxic chemicals without being ward of the hazards associated therewith, and without being properly trained as to protect themselves therefrom;

h.   failure to provide Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty with proper personal protective equipment and clothing sufficient to protect them from inhalation and bodily exposure;

    i.   failure to provide adequate respiratory protection, if it provided any at all;

    j.   failed to provide proper personal protective equipment; and

    k.   was generally negligent, careless, and reckless in breaching its duty in providing a reasonably safe place and its duty of reasonable care as it related to persons such as Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty.

152.    As a direct and proximate result of the breaches of duty, carelessness, negligence, and recklessness of Defendant Covestro, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty developed cancer, or fear developing cancer. As a consequence of their cancer diagnoses, Plaintiff Mike Tribett, Plaintiff Ronald Helms, Plaintiff Joseph Giovengo, Plaintiff Jeffrey Giovengo, Plaintiff Frank Kimble, Plaintiff Jeremy Moore, Plaintiff William Burkett, and Plaintiff Greg Beatty have been severely injured, disabled, and damaged.

## Count Six
### Loss of Consortium by Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty

153.    Plaintiffs incorporate by reference the allegations contained in paragraph numbered 1 through 147 of this complaint.

154.    Plaintiff Ronald Helms and Plaintiff Isolde Helms are married.

155.    Plaintiff Joseph Giovengo and Plaintiff Michelle are married.

156.    Plaintiff Frank Kimble and Plaintiff Connie Kimble are married.

157.    Plaintiff William Burkett and Ilse Burkett are married.

158.    Plaintiff Greg Beatty and Plaintiff Jane Beatty are married.

159.   Plaintiff Joseph Giovengo and Plaintiff Michelle Giovengo raise three minor children in their home.

160.   Plaintiff Ronald Helms and Plaintiff Isolde Helms enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

161.   Plaintiff Joseph Giovengo and Plaintiff Michelle Giovengo enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

162.   Plaintiff Frank Kimble and Plaintiff Connie Kimble enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

163.   Plaintiff William Burkett and Ilse Burkett enjoy a close and mutually supportive relationship before Plaintiff was diagnosed with cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

164.   Plaintiff Greg Beatty and Plaintiff Jane Beatty enjoy a close and mutually supportive relationship and Plaintiff Jane Beatty fears that her husband, Plaintiff Gregg Beatty, will contract cancer as a direct and proximate result of Defendant's wrongful acts as more fully set forth *supra*.

165.   As a result of her husband's development of cancer, and the injuries and illnesses as described, Plaintiff Isolde Helms has lost the general services, companionship, and society of her husband.

166.   As a result of her husband's development of cancer, and the injuries and illnesses as described, Plaintiff Michelle Giovengo has lost the general services, companionship, and society of her husband.

167.   As a result of her husband's development of cancer, and the injuries and illnesses as described, Plaintiff Connie Kimble has lost the general services, companionship, and society of her husband.

168.   As a result of her husband's development of cancer, and the injuries and illnesses as described, Ilse Burkett has lost the general services, companionship, and society of her husband.

169.   As a result of her husband's exposure to toxic chemicals, and the fear and apprehension of contracting a fatal disease, Plaintiff Jane Beatty has lost the general services, companionship, and society of her husband.

170.   As a result of Defendant's actions, Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty have suffered a loss of consortium.

171.   Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty have been damaged.


WHEREFORE, as a result of the development of cancer, or fear of contracting the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty suffered and sustained in the past, and will continue to suffer and sustain in the future, severe illness and injury to their persons which has forced and will force them to obtain medical treatment, and to incur medical expenses by way of doctor, hospital, and pharmacy bills.

Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty have suffered great pain, psychological injury, extreme nervousness, and mental anguish as a direct result of his development of cancer, or fear of contracting the same, and will continue to suffer the same in the future.

As a direct and proximate result of their development of cancer or the fear and apprehension of developing the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty's enjoyment of life and their ability to engage in normal activities have been greatly impaired and will continue to be impaired in the future.

As a direct and proximate result of their development of cancer, or fear and apprehension of developing the same Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty's life expectancy has been reduced.  Plaintiff Mike Tribett succumbed to his illnesses on or about July 26, 2019.

As a direct and proximate result of their development of cancer, or fear and apprehension of developing the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty's ability to work and earn a living and their earning capacity was greatly impaired.

As a direct and proximate result of their development of cancer, or fear and apprehension of the same, Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty have lost the ability to perform household services and will continue to do so in the future.

As a direct and proximate result of their development of cancer, or fear and apprehension of developing the same,   Plaintiffs Mike Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, and Greg Beatty have experienced annoyance and inconvenience, humiliation, embarrassment, aggravation, extreme anxiousness, and a fear of death in the past and will continue to do so in the future.

Plaintiffs demand judgment against Defendant in an amount of compensatory damages as the jury deems proper, and punitive damages for Defendants' recklessness and criminal

indifference to civil obligations, plus prejudgment and post-judgment interest, costs and attorney fees.

   **Plaintiffs demand a trial by jury.**

                          Plaintiffs,
                          by counsel,

                          _____

                          Paul J. Harris
                          WV Bar # 4673
                          32 Fifteenth Street
                          Wheeling, WV 26003
                          304.232.5300

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**FILED**

2021 JUN 17 AM 11 57

JOSEPH M. RUCKI



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
          886-767-8683
Visit us online:
www.wvsos.com

JOSEPH M. RUCKI
Marshall County Courthouse
600 7th Street
Moundsville, WV 26041-2129

Control Number: 276000

Defendant: COVESTRO LLC
                  209 West Washington Street
                  Charleston, WV 25302 US

Agent: Corporation Service Company

County: Marshall

Civil Action: 21-C-34

Certified Number: 92148901125134100003132169

Service Date: 6/11/2021

I am enclosing:

**1 notice, 1 discovery, 1 other: (SUMMONS & FIRST AMENDED COMPLAINT)**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

### *CIVIL  SUMMONS*



**TONYA TRIBETT, as th Executrix for the Estate of
GEORGE MICHEAL TRIBETT, RONALD HELMS, at,al.**

Petitioner,

vs.                                              Civil Action No.   21-C-34

**COVESTRO LLC, THOMAS STILL, and
CRAIG GRAYBILL**

**Defendant**

You are hereby summoned and required to serve upon **PAUL HARRIS** whose

address is 32 15ᵀᴴ STREET, WHEELING, WV 26003 an

**ANSWER** including any related counter-claim you may have the complaint filed against you in the

above styled civil action, a true copy of which is hereby delivered to you.  You are required to serve

your answer within **20** days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting, in another action, any claim you may

have, which must be asserted by counter-claim in the above styled civil action.

Dated: MAY 27, 2021

                                         Joseph M Rucki, Clerk

**CRAIG GRAYHILL**                       By: _Tanya Yoho_
                                              Deputy Clerk



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

# FILED

2021 JUN 17 AM 11:57

## JOSEPH M. RUCKI

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
         866-767-8683
Visit us online:
www.wvsos.com

JOSEPH M. RUCKI
Marshall County Courthouse
600 7th Street
Moundsville, WV 26041-2129

**Control Number: 276001**

**Defendant:** CRAIG GRAYHILL

**County:** Marshall

**Civil Action:** 21-C-34

**Certified Number:** 92148901125134100003132176

**Service Date:** 6/11/2021

I am enclosing:

**1 notice, 1 discovery, 1 other: (SUMMONS & FIRST AMENDED COMPLAINT)**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

### *CIVIL   SUMMONS*

**TONYA TRIBETT, as th Executrix for the Estate of
GEORGE MICHEAL TRIBETT, RONALD HELMS, at,al.**



Petitioner,

vs.                                                      Civil Action No.  21-C-34

**COVESTRO LLC; THOMAS STILL, and
CRAIG GRAYBILL**

**Defendant**

You are hereby summoned and required to serve upon **PAUL HARRIS** whose

address is **32 15TH STREET, WHEELING, WV 26003** an

**ANSWER** including any related counter-claim you may have the complaint filed against you in the

above styled civil action, a true copy of which is hereby delivered to you.  You are required to serve

your answer within **20** days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint and you will be thereafter barred from asserting, in another action, any claim you may

have, which must be asserted by counter-claim in the above styled civil action.

Dated: **MAY 27, 2021**

Joseph M Rucki, Clerk

By: _Tanya Yoho_
    Deputy Clerk

**THOMAS STILL**



## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

| | |
|---|---|
| TONYA TRIBETT, as the Executrix for the Estate of GEORGE MICHAEL TRIBETT, RONALD HELMS, ISOLDE HELMS, JOSEPH GIOVENGO, MICHELLE GIOVENGO, JEFFREY GIOVENGO, FRANK KIMBLE, CONNIE KIMBLE, JEREMY MOORE, WILLIAM BURKETT, ILSE BURKETT, GREG BEATTY, JANE BEATTY, | : : : : : : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| COVESTRO LLC, THOMAS STILL, and CRAIG GRAYBILL, | : : : |
| Defendants. | : : |

Civil Action No. 21-C-34

---

## DEFENDANT COVESTRO LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT[1]

---

**COMES NOW** the Defendant, Covestro LLC (hereafter referred to as "Defendant"), by and through his undersigned counsel and hereby responds as follows to the allegations as set forth in the First Amended Complaint filed by the above-named Plaintiffs.

Defendant denies the allegations set forth the "Introduction" paragraph of the Plaintiffs' First Amended Complaint.

---

[1] Upon information and belief, the Plaintiff has titled his pleading "First Amended Complaint" in error as there has only been one Complaint served in this civil proceeding. However, for the avoidance of confusion and for the purpose of consistency, this Defendant addresses all of his responses to the First Amended Complaint

**PARTIES**

1.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 1 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

2.      Defendant explicitly denies the assertion that Mr. Helms was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 2 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

3.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 3 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

4.      Defendant explicitly denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 4 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

5.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 5 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

6.     Defendant explicitly denies the assertion that Mr. Jeffrey Giovengo was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 6 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

7.     Defendant explicitly denies the assertion that Mr. Kimble was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 7 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

8.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 8 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

9.     Defendant explicitly denies the assertion that Mr. Moore was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 9 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

10.    Defendant explicitly denies the assertion that Mr. Burkett was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and

metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 10 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

11.     Defendant explicitly denies the assertion that Mr. Beatty was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 11 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

12.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 12 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

13.     Defendant admits that Covestro is a limited liability company and that it has done business in Marshall County, WV, and further states that to the extent that the remaining matters asserted in Paragraph 13 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial.

14 - 15.       Admit.

### Jurisdiction/Venue

16.     Defendant explicitly denies the assertion that any wrongful acts or exposure to carcinogenic, toxic and dangerous chemicals occurred. The remaining matters asserted in Paragraph 16 constitute legal conclusions rather than allegations of fact, and thus do not require a response by way of admission or denial.

**Facts**

17.     Defendant states that the referenced West Virginia Department of Environmental Protection filing speaks for itself, and Defendant denies any attempt to characterize its terms, meaning, or legal effect.

18 - 31.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraphs 18 thru 31 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraphs.

32.     Defendant denies the assertion that the alleged hydrochloric acid spill was caused or in any way related to the actions or omission of the Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 32 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

33 - 37.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraphs 33 thru 37 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraphs.

38.     Denied.

39.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 39 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

40.     Defendant denies the allegations contained in Paragraph 40 as the term "toxic" is vague and ambiguous forcing the Defendant to speculate as to the meaning of this allegation.

41.     Defendant denies the assertion that it transports toxic chemicals as the term "toxic" is vague and ambiguous forcing the Defendant to speculate as to the meaning of this allegations contained in Paragraph 41. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 41 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

42 - 43.     Denied.

44.     Defendant denies that Mr. Still is the health and safety coordinator at Covestro, LLC, rather Mr. Still is Shift Supervisor, Manufacturing. Defendant denies the remaining allegations contained in Paragraph 44.

45 - 49.     The allegations contained in Paragraphs 45 thru 49 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

50.     Defendant denies that Mr. Graybill is currently the plant manager at Covestro, LLC. Defendant denies the remaining allegations contained in Paragraph 50.

51 - 55.     The allegations contained in Paragraphs 51 thru 55 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

56.     Admitted.

57 - 58.     Denied.

59.     Defendant denies that Defendants were aware of the danger of TDI as the term "dangerous" is vague and ambiguous forcing the Defendant to speculate as to the meaning of the allegations contained in Paragraph 59. By way of further answer, Defendant states that the

6

referenced "Safety Data Sheet" speaks for itself, and Defendant denies any attempt to characterize its terms, meaning, or legal effect.

60.     Defendant explicitly denies the assertion that TDI and other carcinogenic, toxic, and dangerous chemicals received, distributed, and manufactured by Covestro have caused adverse health effects, including toxic effects to organs and body systems of person exposed to said chemicals. Defendant is without knowledge of the "testing" referenced in this paragraph and can, therefore, must deny these allegations.

61 - 63.     The allegations asserted in Paragraphs 61-63 of the First Amended Complaint, call for an expert opinion which this Defendant is not qualified to render and is therefore unable to admit or deny this allegation. For this reason, Defendant denies each and every allegation set forth in the referenced Paragraphs.

64 - 66.     Denied.

67.     The allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint are vague and ambiguous. Defendant specifically denies that any portions of Covestro's facility were razed in such a way as to expose persons to chemicals or other substances.

68 - 77.     Denied.

78.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 78 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

79 - 80.     Denied.

81.     Defendant denies the assertion that Mr. Tribett was exposed to chemicals and that said exposure caused his terminal cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in

7

Paragraph 81 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

82 - 85.    Denied.

86.    Defendant denies the assertion that Mr. Helms was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 86 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

87.    Defendant denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 87 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

88.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 88 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

89 - 90.    Denied.

91.    Defendant denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 91 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

92.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 92 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

93 - 94.     Denied.

95.     Defendant denies the assertion that Mr. Jeffrey Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 95 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

96.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 96 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

97 - 99.     Denied.

100.     Defendant denies the assertion that Mr. Kimble was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 100 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

101.     Defendant denies the assertion that Mr. Moore has a lung burn injury from inhalation of an HCL acid spill caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 101 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

9

102 - 103.     Denied.

104.     Defendant denies the assertion that Mr. Moore was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 104 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

105.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 105 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

106 - 108.     Denied.

109.     Defendant denies the assertion that Mr. Burkett was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 108 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

110.     Defendant denies the assertion that Mr. Beatty was exposed to chemicals and that said exposure could cause him to develop cancer.

111.     Denied.

112.     Defendant denies the assertion that Mr. Beatty was exposed to toxic chemicals and that said exposure may cause him to develop cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 112 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

10

113.    Defendant specifically denies that if Plaintiffs have been damaged that the damages were the result of any act or omission of Defendants.

## Count One
### Negligence – Duty to warn (all defendants)

114.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 113 of this Answer.

115.    Denied.

116.    The allegations contained in Paragraph 116 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

117.    Denied.

118.    The allegations contained in Paragraph 118 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

119 - 121.    Denied.

122.    Defendant denies the allegations contained in Paragraph 122 and each of its respective subparagraphs.

## Count Two
### Negligence – Failure to provide safe environment
### to public and third party contractors (all defendants)

123.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 122 of this Answer.

124 - 130.    Denied.

131.    Defendant denies the allegations contained in Paragraph 131 and each of its respective subparagraphs.

**Count Three**
**Negligence – Duty to take remedial action**

132.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 131 of this Answer.

133 - 138.   Denied.

139.    Defendant denies the allegations contained in Paragraph 139 and each of its respective subparagraphs.

**Count Four**
**Violation of Statute**

140.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 139 of this Answer.

141 - 143.   Denied.

**Count Five**
**Premises Liability**

144.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 143 of this Answer.

145.    It is admitted that Covestro received, manufactured and shipped various chemicals from its New Martinsville, WV site; however, Defendant is without sufficient knowledge or information to admit or deny that each and every chemical or substance identified in Plaintiffs' First Amended Complaint was present at the facility.

146.    Defendant denies the allegations contained in Paragraph 146 as the term "dangerous" is vague and ambiguous forcing the Defendant to speculate as to the meaning of these allegations.

147 - 150.   Denied.

12

151.     Defendant denies the allegations contained in Paragraph 151 and each of its respective subparagraphs.

152.     Denied.

## Count Six
### Loss of Consortium by Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty

153.     Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 152 of this Answer.

154.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 154 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

155.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 155 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

156.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 156 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

157.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 157 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

158.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 158 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

159.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 159 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

160.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Helm's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 160 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

161.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Joseph Giovengo's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 161 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

162.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Kimble's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 162 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

163.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Burkett's alleged diagnosis was due to any alleged wrongful acts by Defendants including,

but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 163 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

164.    Defendant denies that it committed any wrongful acts and that cause of Mr. Beatty's will be diagnosed with cancer due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 164 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

165.    Defendant denies that Mr. Helm's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 165 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

166.    Defendant denies that Mr. Joseph Giovengo's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 166 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

167.    Defendant denies that Mr. Joseph Kimble's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations

asserted in Paragraph 167 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

168.   Defendant denies that Mr. Burkett's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 168 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

169.   Defendant denies that Mr. Joseph Beatty's alleged fear and apprehension of developing of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 169 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

170.   Denied.

171.   Defendant denies that to the extent the identified Plaintiffs have been damaged that the damage was caused by any act or omission on the part of Defendants.

172.   Defendant denies all allegations and prayers for relief contained in in the "WHERFORE" Paragraph of the First Amended Complaint.

173.   Defendant denies all allegations and prayers for relief contained in the First Amended Complaint which are not specifically denied in the preceding responses.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs have failed to state a claim or cause of action against Defendant upon which relief can be granted.

### SECOND DEFENSE

The allegations set forth in the First Amended Complaint are barred by the applicable statutes of limitation and/or repose.

### THIRD DEFENSE

This Court lacks jurisdiction over the subject matter and, therefore, this action should be dismissed.

### FOURTH DEFENSE

In the alternative, Plaintiffs commenced this action in a venue which is improper and, therefore, this action should be dismissed.

### FIFTH DEFENSE

In the alternative, Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe any legal duty to Plaintiffs and/or the Decedent or, if Defendant did owe a legal duty to Plaintiffs and/or the Decedent, Defendant did not breach that duty.

### SIXTH DEFENSE

If Plaintiffs suffered any injuries and/or damages, such injuries or damages were caused solely by, and were the direct and proximate result of, the negligence of Plaintiffs and/or Plaintiff's Decedent. Further, said negligence constitutes a superseding, intervening cause of the alleged injuries and/or damages claimed by Plaintiffs.

## SEVENTH DEFENSE

If it is shown that Plaintiffs and/or the Decedent was exposed to any products Covestro allegedly manufactured or otherwise utilized at the New Martinsville facility, if any, Plaintiffs and/or the Decedent assumed any and all risk of injury that may have resulted from the use or exposure to these products.

## EIGHTH DEFENSE

Defendant neither knew nor should have known that any of the products manufactured or otherwise utilized at the New Martinsville facility, which may be shown to have been used by Plaintiffs and/or the Decedent, or to which Plaintiffs and the Decedent claim were exposed, were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, or industrial knowledge available to Defendant at all times relevant hereto.

## NINTH DEFENSE

The allegations of the First Amended Complaint are barred by the doctrine of laches.

## TENTH DEFENSE

Plaintiffs failed to join necessary or indispensable parties in this action and, in accordance with West Virginia Rule of Civil Procedure 12(b)(7), should be dismissed.

## ELEVENTH DEFENSE

Plaintiffs and/or the Decedent failed to use available protective equipment, which directly and proximately caused and contributed to all or part of the injuries and damages claimed by the Plaintiffs herein, which bars the right of the Plaintiffs to recover herein for any injuries and/or damages.

## TWELTH DEFENSE

Plaintiffs have waived the right to assert the claims stated in the First Amended Complaint.

## THIRTEENTH DEFENSE

Plaintiffs are estopped to assert and recover on the claims stated in the First Amended Complaint.

## FOURTEENTH DEFENSE

Plaintiffs and/or the Decedent did not reasonably rely on any representation, disclaimer, warning, or other act or omission of Defendant.

## FIFTEENTH DEFENSE

If Plaintiffs and/or the Decedent sustained any injuries and/or suffered damages as alleged in the First Amended Complaint, all of which Defendant specifically denies, then such injuries and/or damages were caused or contributed to by Plaintiffs and/or the Decedent's own negligence, by way of, but not limited to, Plaintiffs and/or the Decedent's failure to wear a respirator and/or other personal protective equipment, engage in safe-work practices, and/or to adequately themselves from risk of harm.

## SIXTEENTH DEFENSE

The alleged injuries and/or damages incurred by the Plaintiffs and/or the Decedents were caused by unauthorized, unattended, or improper use of the products complained of and, as a result of failure to exercise reasonable and ordinary care, caution, and vigilance, for which Defendant is not liable or responsible.

## SEVENTEENTH DEFENSE

In the alternative, the First Amended Complaint, and each cause of action presented therein, are barred on the grounds that the products or materials referred to in the First Amended

Complaint were not a substantial factor in bringing about the injuries and damages complained of by the Plaintiffs and/or the Decedent.

## EIGHTEENTH DEFENSE

Defendant denies that Plaintiffs and/or the Decedent was exposed to any product manufactured or utilized by Covestro or any predecessor of Covestro and, therefore, denies that it is liable to the Plaintiffs upon any claim or cause of action set forth in the First Amended Complaint.

## NINETEENTH DEFENSE

Plaintiffs and/or the Decedent's own negligence equals or exceeds the negligence, if any, of Defendant, or the other defendants herein.

## TWENTIETH DEFENSE

Defendant asserts that Plaintiffs and/or the Decedent's own conduct created the alleged unsafe working condition described in the First Amended Complaint.

## TWENTY-FIRST DEFENSE

The alleged injuries, illnesses, and/or damages incurred by Plaintiffs and/or the Decedent were not proximately caused or contributed to by any act or omission of Defendant. To the extent that Plaintiffs and/or the Decedent suffered from any alleged injuries, they were caused by the acts or omissions on the part of parties, nonparties, individuals, and entities other than Defendant, which negligence supersedes the negligence, if any, of Defendant, and that the others' acts are an intervening cause of Plaintiffs' claimed injuries, illnesses, and/or damages.

## TWENTY-SECOND DEFENSE

The claims filed by Plaintiffs are barred by issue preclusion, the doctrine of res judicata, and/or collateral estoppel.

## TWENTY-THIRD DEFENSE

Any claims of the Plaintiffs against Defendant are barred by the independent, intervening, and/or superseding events of third parties over which Defendant had no control, which events were unrelated to any conduct of Defendant.

## TWENTY-FOURTH DEFENSE

In the alternative, Plaintiffs' claims are barred inasmuch as they are preempted by one or more statutes, rules and/or regulations of the United States government.

## TWENTY-FIFTH DEFENSE

The conduct and activities of Defendant alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time alleged in the First Amended Complaint.

## TWENTY-SIXTH DEFENSE

Not being fully advised as of the facts and circumstances by the First Amended Complaint, Defendant reserves the right to amend this Answer and/or assert any and all additional affirmative defenses, as may be appropriate under the facts and circumstances of this case, including those contemplated by Rules 8 and 12 of the West Virginia Rules of Civil Procedure and any other matter contemplated by existing West Virginia law.

## TWENTY-SEVENTH DEFENSE

In the event that it is judicially determined that Plaintiffs and/or the Decedent were exposed to a product manufactured or sold by entities not parties to this action, then it is averred that the product(s) were sold or transported by other parties under circumstances which did not create any duty on the part of Defendant to the Plaintiffs.

21

## TWENTY-EIGTH DEFENSE

In the alternative, in the event that it is judicially determined that Plaintiffs and/or the Decedent was exposed to a defective or unreasonable product as alleged, which is specifically denied, then it is averred that, based upon the state of scientific and technological knowledge of Defendant at the time the product was marketed, the product was not defective or unreasonably dangerous and did not present a foreseeable risk of harm to Plaintiffs and/or the Decedent in the normal and expected use of the product.

## TWENTY-NINTH DEFENSE

Defendant incorporates herein by reference, as if more fully set forth, all the affirmative defenses raised by other defendants to the extent that they are consistent with the positions taken by Defendant in this Answer.

## THIRTIETH DEFENSE

Defendant adopts all defenses available to it under West Virginia law including, but not limited to, defense available under the West Virginia Code.

## THIRTY-FIRST DEFENSE

Defendant reserves the right to assert any Counterclaims, Cross-claims and/or Third -Party Complaints should discovery reveal the necessity of such action.

## THIRTY-SECOND DEFENSE

Defendant reserves the right to assert any and all other affirmative defenses, as well as any immunities, which discovery may reveal appropriate.

Respectfully Submitted,

Covestro LLC

By Counsel.

Michael P. Leahey (WVSB #9934)
Zachary H. Warder (W.Va. Bar #13566)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
Phone: 304-284-4100
Fax:  304-284-4140
E-mail: zachary.warder@jacksonkelly.com

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

TONYA TRIBETT, as the Executrix for the     :
Estate of GEORGE MICHAEL TRIBETT,     :
RONALD HELMS, ISOLDE HELMS,     :
JOSEPH GIOVENGO,     :
MICHELLE GIOVENGO,     :
JEFFREY GIOVENGO,     :
FRANK KIMBLE, CONNIE KIMBLE,     :
JEREMY MOORE, WILLIAM BURKETT,     :
ILSE BURKETT, GREG BEATTY, JANE     :
BEATTY,     :     Civil Action No. 21-C-34
    :
      Plaintiffs,     :
    :
v.     :
    :
COVESTRO LLC, THOMAS STILL, and     :
CRAIG GRAYBILL,     :
    :
      Defendants.     :

## CERTIFICATE OF SERVICE

I, Zachary H. Warder, do hereby certify that I served the foregoing, **"DEFENDANT COVESTRO LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT,"** upon the following, via U.S. Mail, postage prepaid, on this 12th day of _July_ 2021, to the following:

Paul J. Harris, Esquire
32 Fifteenth Street
Wheeling, WV  26003

Michael P. Leahey, Esquire

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

TONYA TRIBETT, as the Executrix for the  :
Estate of GEORGE MICHAEL TRIBETT,  :
RONALD HELMS, ISOLDE HELMS,  :
JOSEPH GIOVENGO,  :
MICHELLE GIOVENGO,  :
JEFFREY GIOVENGO,  :
FRANK KIMBLE, CONNIE KIMBLE,  :
JEREMY MOORE, WILLIAM BURKETT,  :
ILSE BURKETT, GREG BEATTY, JANE  :
BEATTY,  :          **Civil Action No. 21-C-34**
   :
    **Plaintiffs,**  :
   :
v.  :
   :
COVESTRO LLC, THOMAS STILL, and  :
CRAIG GRAYBILL,  :
   :
    **Defendants.**  :

---

## DEFENDANT CRAIG GRAYBILL'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT[1]

---

    **COMES NOW** the Defendant, Craig Graybill (hereafter referred to as "Defendant"), by and through his undersigned counsel and hereby responds as follows to the allegations as set forth in the First Amended Complaint filed by the above-named Plaintiffs.

    Defendant denies the allegations set forth the "Introduction" paragraph of the Plaintiffs' First Amended Complaint.

---

[1] Upon information and belief, the Plaintiff has titled his pleading "First Amended Complaint" in error as there has only been one Complaint served in this civil proceeding. However, for the avoidance of confusion and for the purpose of consistency, this Defendant addresses all of his responses to the First Amended Complaint

## PARTIES

1.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 1 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

2.  Defendant explicitly denies the assertion that Mr. Helms was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 2 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

3.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 3 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

4.  Defendant explicitly denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 4 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

5.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 5 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

6.     Defendant explicitly denies the assertion that Mr. Jeffrey Giovengo was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 6 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

7.     Defendant explicitly denies the assertion that Mr. Kimble was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 7 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

8.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 8 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

9.     Defendant explicitly denies the assertion that Mr. Moore was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 9 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

10.    Defendant explicitly denies the assertion that Mr. Burkett was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and

3

metals and the development of any alleged illness. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 10 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

11.     Defendant explicitly denies the assertion that Mr. Beatty was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 11 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

12.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 12 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

13.     Defendant admits that Covestro is a limited liability company and that it has done business in Marshall County, WV, and further states that to the extent that the remaining matters asserted in Paragraph 13 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial.

14 - 15.     Admit.

### Jurisdiction/Venue

16.     Defendant explicitly denies the assertion that any wrongful acts or exposure to carcinogenic, toxic and dangerous chemicals occurred. The remaining matters asserted in Paragraph 16 constitute legal conclusions rather than allegations of fact, and thus do not require a response by way of admission or denial.

4

## Facts

17.     Defendant states that the referenced West Virginia Department of Environmental Protection filing speaks for itself, and Defendant denies any attempt to characterize its terms, meaning, or legal effect.

18 - 31.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraphs 18 thru 31 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraphs.

32.     Defendant denies the assertion that the alleged hydrochloric acid spill was caused or in any way related to the actions or omission of the Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 32 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

33 - 37.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraphs 33 thru 37 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraphs.

38.     Denied.

39.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 39 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

40.     Defendant denies the allegations contained in Paragraph 40 as the term "toxic" is vague and ambiguous forcing the Defendant to speculate as to the meaning of this allegation.

5

41.     Defendant denies the assertion that it transports toxic chemicals as the term "toxic" is vague and ambiguous forcing the Defendant to speculate as to the meaning of this allegations contained in Paragraph 41. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 41 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

42 - 43.     Denied.

44.     Defendant denies that Mr. Still is the health and safety coordinator at Covestro, LLC, rather Mr. Still is Shift Supervisor, Manufacturing. Defendant denies the remaining allegations contained in Paragraph 44.

45 - 49.     The allegations contained in Paragraphs 45 thru 49 of the First Amended Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

50.     Defendant denies that he is currently the plant manager at Covestro, LLC. Defendant denies the remaining allegations contained in Paragraph 50.

51 - 55.     The allegations contained in Paragraphs 51 thru 55 of the First Amended Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

56.     Admitted.

57 - 58.     Denied.

59.     Defendant denies that Defendants were aware of the danger of TDI as the term "dangerous" is vague and ambiguous forcing the Defendant to speculate as to the meaning of the allegations contained in Paragraph 59. By way of further answer, Defendant states that the

6

referenced "Safety Data Sheet" speaks for itself, and Defendant denies any attempt to characterize its terms, meaning, or legal effect.

60.     Defendant explicitly denies the assertion that TDI and other carcinogenic, toxic, and dangerous chemicals received, distributed, and manufactured by Covestro have caused adverse health effects, including toxic effects to organs and body systems of person exposed to said chemicals. Defendant is without knowledge of the "testing" referenced in this paragraph and can, therefore, must deny these allegations.

61 - 63.     The allegations asserted in Paragraphs 61-63 of the First Amended Complaint, call for an expert opinion which this Defendant is not qualified to render and is therefore unable to admit or deny this allegation. For this reason, Defendant denies each and every allegation set forth in the referenced Paragraphs.

64 - 66.     Denied.

67.     The allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint are vague and ambiguous. Defendant specifically denies that any portions of Covestro's facility were razed in such a way as to expose persons to chemicals or other substances.

68 - 77.     Denied.

78.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 78 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

79 - 80.     Denied.

81.     Defendant denies the assertion that Mr. Tribett was exposed to chemicals and that said exposure caused his terminal cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in

Paragraph 81 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

82 - 85.      Denied.

86.      Defendant denies the assertion that Mr. Helms was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 86 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

87.      Defendant denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 87 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

88.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 88 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

89 - 90.      Denied.

91.      Defendant denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 91 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

92.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 92 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

93 - 94.     Denied.

95.     Defendant denies the assertion that Mr. Jeffrey Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 95 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

96.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 96 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

97 - 99.     Denied.

100.     Defendant denies the assertion that Mr. Kimble was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 100 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

101.     Defendant denies the assertion that Mr. Moore has a lung burn injury from inhalation of an HCL acid spill caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 101 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

9

102 - 103.    Denied.

104.    Defendant denies the assertion that Mr. Moore was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 104 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

105.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 105 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

106 - 108.    Denied.

109.    Defendant denies the assertion that Mr. Burkett was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 108 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

110.    Defendant denies the assertion that Mr. Beatty was exposed to chemicals and that said exposure could cause him to develop cancer.

111.    Denied.

112.    Defendant denies the assertion that Mr. Beatty was exposed to toxic chemicals and that said exposure may cause him to develop cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 112 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

10

113.    Defendant specifically denies that if Plaintiffs have been damaged that the damages were the result of any act or omission of Defendants.

**Count One**
**Negligence – Duty to warn (all defendants)**

114.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 113 of this Answer.

115.    Denied.

116.    The allegations contained in Paragraph 116 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

117.    Denied.

118.    The allegations contained in Paragraph 118 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

119 - 121.    Denied.

122.    Defendant denies the allegations contained in Paragraph 122 and each of its respective subparagraphs.

**Count Two**
**Negligence – Failure to provide safe environment**
**to public and third party contractors (all defendants)**

123.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 122 of this Answer.

124 - 130.    Denied.

131.    Defendant denies the allegations contained in Paragraph 131 and each of its respective subparagraphs.

11

## Count Three
### Negligence – Duty to take remedial action

132.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 131 of this Answer.

133 - 138.    Denied.

139.    Defendant denies the allegations contained in Paragraph 139 and each of its respective subparagraphs.

## Count Four
### Violation of Statute

140.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 139 of this Answer.

141 - 143.    Denied.

## Count Five
### Premises Liability

144.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 143 of this Answer.

145.    It is admitted that Covestro received, manufactured and shipped various chemicals from its New Martinsville, WV site; however, Defendant is without sufficient knowledge or information to admit or deny that each and every chemical or substance identified in Plaintiffs' First Amended Complaint was present at the facility.

146.    Defendant denies the allegations contained in Paragraph 146 as the term "dangerous" is vague and ambiguous forcing the Defendant to speculate as to the meaning of these allegations.

147 - 150.    Denied.

12

151.   Defendant denies the allegations contained in Paragraph 151 and each of its respective subparagraphs.

152.   Denied.

**Count Six**
**Loss of Consortium by Plaintiffs Isolde Helms,**
**Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty**

153.   Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 152 of this Answer.

154.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 154 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

155.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 155 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

156.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 156 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

157.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 157 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

158.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 158 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

159.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 159 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

160.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Helm's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 160 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

161.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Joseph Giovengo's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 161 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

162.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Kimble's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 162 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

163.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Burkett's alleged diagnosis was due to any alleged wrongful acts by Defendants including,

14

but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 163 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

164.    Defendant denies that it committed any wrongful acts and that cause of Mr. Beatty's will be diagnosed with cancer due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 164 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

165.    Defendant denies that Mr. Helm's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 165 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

166.    Defendant denies that Mr. Joseph Giovengo's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 166 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

167.    Defendant denies that Mr. Joseph Kimble's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations

15

asserted in Paragraph 167 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

168.    Defendant denies that Mr. Burkett's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 168 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

169.    Defendant denies that Mr. Joseph Beatty's alleged fear and apprehension of developing of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 169 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

170.    Denied.

171.    Defendant denies that to the extent the identified Plaintiffs have been damaged that the damage was caused by any act or omission on the part of Defendants.

172.    Defendant denies all allegations and prayers for relief contained in in the "WHERFORE" Paragraph of the First Amended Complaint.

173.    Defendant denies all allegations and prayers for relief contained in the First Amended Complaint which are not specifically denied in the preceding responses.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs have failed to state a claim or cause of action against Defendant upon which relief can be granted.

### SECOND DEFENSE

The allegations set forth in the First Amended Complaint are barred by the applicable statutes of limitation and/or repose.

### THIRD DEFENSE

This Court lacks jurisdiction over the subject matter and, therefore, this action should be dismissed.

### FOURTH DEFENSE

In the alternative, Plaintiffs commenced this action in a venue which is improper and, therefore, this action should be dismissed.

### FIFTH DEFENSE

In the alternative, Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe any legal duty to Plaintiffs and/or the Decedent or, if Defendant did owe a legal duty to Plaintiffs and/or the Decedent, Defendant did not breach that duty.

### SIXTH DEFENSE

If Plaintiffs suffered any injuries and/or damages, such injuries or damages were caused solely by, and were the direct and proximate result of, the negligence of Plaintiffs and/or Plaintiff's Decedent.  Further, said negligence constitutes a superseding, intervening cause of the alleged injuries and/or damages claimed by Plaintiffs.

## SEVENTH DEFENSE

If it is shown that Plaintiffs and/or the Decedent was exposed to any products Covestro allegedly manufactured or otherwise utilized at the New Martinsville facility, if any, Plaintiffs and/or the Decedent assumed any and all risk of injury that may have resulted from the use or exposure to these products.

## EIGHTH DEFENSE

Defendant neither knew nor should have known that any of the products manufactured or otherwise utilized at the New Martinsville facility, which may be shown to have been used by Plaintiffs and/or the Decedent, or to which Plaintiffs and the Decedent claim were exposed, were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, or industrial knowledge available to Defendant at all times relevant hereto.

## NINTH DEFENSE

The allegations of the First Amended Complaint are barred by the doctrine of laches.

## TENTH DEFENSE

Plaintiffs failed to join necessary or indispensable parties in this action and, in accordance with West Virginia Rule of Civil Procedure 12(b)(7), should be dismissed.

## ELEVENTH DEFENSE

Plaintiffs and/or the Decedent failed to use available protective equipment, which directly and proximately caused and contributed to all or part of the injuries and damages claimed by the Plaintiffs herein, which bars the right of the Plaintiffs to recover herein for any injuries and/or damages.

18

## TWELTH DEFENSE

Plaintiffs have waived the right to assert the claims stated in the First Amended Complaint.

## THIRTEENTH DEFENSE

Plaintiffs are estopped to assert and recover on the claims stated in the First Amended Complaint.

## FOURTEENTH DEFENSE

Plaintiffs and/or the Decedent did not reasonably rely on any representation, disclaimer, warning, or other act or omission of Defendant.

## FIFTEENTH DEFENSE

If Plaintiffs and/or the Decedent sustained any injuries and/or suffered damages as alleged in the First Amended Complaint, all of which Defendant specifically denies, then such injuries and/or damages were caused or contributed to by Plaintiffs and/or the Decedent's own negligence, by way of, but not limited to, Plaintiffs and/or the Decedent's failure to wear a respirator and/or other personal protective equipment, engage in safe-work practices, and/or to adequately themselves from risk of harm.

## SIXTEENTH DEFENSE

The alleged injuries and/or damages incurred by the Plaintiffs and/or the Decedents were caused by unauthorized, unattended, or improper use of the products complained of and, as a result of failure to exercise reasonable and ordinary care, caution, and vigilance, for which Defendant is not liable or responsible.

## SEVENTEENTH DEFENSE

In the alternative, the First Amended Complaint, and each cause of action presented therein, are barred on the grounds that the products or materials referred to in the First Amended

19

Complaint were not a substantial factor in bringing about the injuries and damages complained of by the Plaintiffs and/or the Decedent.

EIGHTEENTH DEFENSE

Defendant denies that Plaintiffs and/or the Decedent was exposed to any product manufactured or utilized by Covestro or any predecessor of Covestro and, therefore, denies that it is liable to the Plaintiffs upon any claim or cause of action set forth in the First Amended Complaint.

NINETEENTH DEFENSE

Plaintiffs and/or the Decedent's own negligence equals or exceeds the negligence, if any, of Defendant, or the other defendants herein.

TWENTIETH DEFENSE

Defendant asserts that Plaintiffs and/or the Decedent's own conduct created the alleged unsafe working condition described in the First Amended Complaint.

TWENTY-FIRST DEFENSE

The alleged injuries, illnesses, and/or damages incurred by Plaintiffs and/or the Decedent were not proximately caused or contributed to by any act or omission of Defendant. To the extent that Plaintiffs and/or the Decedent suffered from any alleged injuries, they were caused by the acts or omissions on the part of parties, nonparties, individuals, and entities other than Defendant, which negligence supersedes the negligence, if any, of Defendant, and that the others' acts are an intervening cause of Plaintiffs' claimed injuries, illnesses, and/or damages.

TWENTY-SECOND DEFENSE

The claims filed by Plaintiffs are barred by issue preclusion, the doctrine of res judicata, and/or collateral estoppel.

20

### TWENTY-THIRD DEFENSE

Any claims of the Plaintiffs against Defendant are barred by the independent, intervening, and/or superseding events of third parties over which Defendant had no control, which events were unrelated to any conduct of Defendant.

### TWENTY-FOURTH DEFENSE

In the alternative, Plaintiffs' claims are barred inasmuch as they are preempted by one or more statutes, rules and/or regulations of the United States government.

### TWENTY-FIFTH DEFENSE

The conduct and activities of Defendant alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time alleged in the First Amended Complaint.

### TWENTY-SIXTH DEFENSE

Not being fully advised as of the facts and circumstances by the First Amended Complaint, Defendant reserves the right to amend this Answer and/or assert any and all additional affirmative defenses, as may be appropriate under the facts and circumstances of this case, including those contemplated by Rules 8 and 12 of the West Virginia Rules of Civil Procedure and any other matter contemplated by existing West Virginia law.

### TWENTY-SEVENTH DEFENSE

In the event that it is judicially determined that Plaintiffs and/or the Decedent were exposed to a product manufactured or sold by entities not parties to this action, then it is averred that the product(s) were sold or transported by other parties under circumstances which did not create any duty on the part of Defendant to the Plaintiffs.

21

## TWENTY-EIGTH DEFENSE

In the alternative, in the event that it is judicially determined that Plaintiffs and/or the Decedent was exposed to a defective or unreasonable product as alleged, which is specifically denied, then it is averred that, based upon the state of scientific and technological knowledge of Defendant at the time the product was marketed, the product was not defective or unreasonably dangerous and did not present a foreseeable risk of harm to Plaintiffs and/or the Decedent in the normal and expected use of the product.

## TWENTY-NINTH DEFENSE

Defendant incorporates herein by reference, as if more fully set forth, all the affirmative defenses raised by other defendants to the extent that they are consistent with the positions taken by Defendant in this Answer.

## THIRTIETH DEFENSE

Defendant adopts all defenses available to it under West Virginia law including, but not limited to, defense available under the West Virginia Code.

## THIRTY-FIRST DEFENSE

Defendant reserves the right to assert any Counterclaims, Cross-claims and/or Third -Party Complaints should discovery reveal the necessity of such action.

## THIRTY-SECOND DEFENSE

Defendant reserves the right to assert any and all other affirmative defenses, as well as any immunities, which discovery may reveal appropriate.

Respectfully Submitted,

Craig Graybill

By Counsel.

Michael P. Leahey (WVSB #9934)
Zachary H. Warder (W.Va. Bar #13566)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
Phone: 304-284-4100
Fax:  304-284-4140
E-mail: zachary.warder@jacksonkelly.com

23

### IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

| | |
|---|---|
| **TONYA TRIBETT, as the Executrix for the** : | |
| **Estate of GEORGE MICHAEL TRIBETT,** : | |
| **RONALD HELMS, ISOLDE HELMS,** : | |
| **JOSEPH GIOVENGO,** : | |
| **MICHELLE GIOVENGO,** : | |
| **JEFFREY GIOVENGO,** : | |
| **FRANK KIMBLE, CONNIE KIMBLE,** : | |
| **JEREMY MOORE, WILLIAM BURKETT,** : | |
| **ILSE BURKETT, GREG BEATTY, JANE** : | |
| **BEATTY,** : | **Civil Action No. 21-C-34** |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | |
| : | |
| **COVESTRO LLC, THOMAS STILL, and** : | |
| **CRAIG GRAYBILL,** : | |
| : | |
| **Defendants.** : | |

---

### CERTIFICATE OF SERVICE

---

I, Zachary H. Warder, do hereby certify that I served the foregoing, **"DEFENDANT CRAIG GRAYBILL'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT,"** upon the following, via U.S. Mail, postage prepaid, on this *12* day of *July* 2021, to the following:

Paul J. Harris, Esquire
32 Fifteenth Street
Wheeling, WV  26003

Michael P. Leahey, Esq.

4842-9244-3633.v1

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| **TONYA TRIBETT, as the Executrix for the** | : | |
| **Estate of GEORGE MICHAEL TRIBETT,** | : | |
| **RONALD HELMS, ISOLDE HELMS,** | : | |
| **JOSEPH GIOVENGO,** | : | |
| **MICHELLE GIOVENGO,** | : | |
| **JEFFREY GIOVENGO,** | : | |
| **FRANK KIMBLE, CONNIE KIMBLE,** | : | |
| **JEREMY MOORE, WILLIAM BURKETT,** | : | |
| **ILSE BURKETT, GREG BEATTY, JANE** | : | |
| **BEATTY,** | : | **Civil Action No. 21-C-34** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COVESTRO LLC, THOMAS STILL, and** | : | |
| **CRAIG GRAYBILL,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT THOMAS STILL'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT[1]

**COMES NOW** the Defendant, Thomas Still (hereafter referred to as "Defendant"), by and through his undersigned counsel and hereby responds as follows to the allegations as set forth in the First Amended Complaint filed by the above-named Plaintiffs.

Defendant denies the allegations set forth the "Introduction" paragraph of the Plaintiffs' First Amended Complaint.

---

[1] Upon information and belief, the Plaintiff has titled his pleading "First Amended Complaint" in error as there has only been one Complaint served in this civil proceeding. However, for the avoidance of confusion and for the purpose of consistency, this Defendant addresses all of his responses to the First Amended Complaint

## PARTIES

1.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 1 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

2.      Defendant explicitly denies the assertion that Mr. Helms was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 2 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

3.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 3 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

4.      Defendant explicitly denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 4 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

5.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 5 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

4823-6430-3344.v2

6.      Defendant explicitly denies the assertion that Mr. Jeffrey Giovengo was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 6 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

7.      Defendant explicitly denies the assertion that Mr. Kimble was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 7 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

8.      Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 8 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

9.      Defendant explicitly denies the assertion that Mr. Moore was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 9 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

10.     Defendant explicitly denies the assertion that Mr. Burkett was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and

4823-6430-3344.v2

metals and the development of any alleged illness. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 10 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

11.     Defendant explicitly denies the assertion that Mr. Beatty was exposed to chemicals and metals and that there is a causal connection between any alleged exposure to chemicals and metals and the development of any alleged illness. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 11 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

12.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 12 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

13.     Defendant admits that Covestro is a limited liability company and that it has done business in Marshall County, WV, and further states that to the extent that the remaining matters asserted in Paragraph 13 constitute legal conclusions rather than allegations of fact, they do not require a response by way of admission or denial.

14 - 15.     Admit.

### Jurisdiction/Venue

16.     Defendant explicitly denies the assertion that any wrongful acts or exposure to carcinogenic, toxic and dangerous chemicals occurred. The remaining matters asserted in Paragraph 16 constitute legal conclusions rather than allegations of fact, and thus do not require a response by way of admission or denial.

4

## Facts

17.     Defendant states that the referenced West Virginia Department of Environmental Protection filing speaks for itself, and Defendant denies any attempt to characterize its terms, meaning, or legal effect.

18 - 31.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraphs 18 thru 31 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraphs.

32.     Defendant denies the assertion that the alleged hydrochloric acid spill was caused or in any way related to the actions or omission of the Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 32 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

33 - 37.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraphs 33 thru 37 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraphs.

38.     Denied.

39.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 39 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

40.     Defendant denies the allegations contained in Paragraph 40 as the term "toxic" is vague and ambiguous forcing the Defendant to speculate as to the meaning of this allegation.

41.     Defendant denies the assertion that it transports toxic chemicals as the term "toxic" is vague and ambiguous forcing the Defendant to speculate as to the meaning of this allegations contained in Paragraph 41. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 41 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

42 - 43.     Denied.

44.     Defendant denies that he is the health and safety coordinator at Covestro, LLC, rather he is Shift Supervisor, Manufacturing. Defendant denies the remaining allegations contained in Paragraph 44.

45 - 49.     The allegations contained in Paragraphs 45 thru 49 of the First Amended Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

50.     Defendant denies that Mr. Graybill is currently the plant manager at Covestro, LLC. Defendant denies the remaining allegations contained in Paragraph 50.

51 - 55.     The allegations contained in Paragraphs 51 thru 55 of the First Amended Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

56.     Admitted.

57 - 58.     Denied.

59.     Defendant denies that Defendants were aware of the danger of TDI as the term "dangerous" is vague and ambiguous forcing the Defendant to speculate as to the meaning of the allegations contained in Paragraph 59. By way of further answer, Defendant states that the

4823-6430-3344.v2

referenced "Safety Data Sheet" speaks for itself, and Defendant denies any attempt to characterize its terms, meaning, or legal effect.

60.     Defendant explicitly denies the assertion that TDI and other carcinogenic, toxic, and dangerous chemicals received, distributed, and manufactured by Covestro have caused adverse health effects, including toxic effects to organs and body systems of person exposed to said chemicals. Defendant is without knowledge of the "testing" referenced in this paragraph and can, therefore, must deny these allegations.

61 - 63.     The allegations asserted in Paragraphs 61-63 of the First Amended Complaint, call for an expert opinion which this Defendant is not qualified to render and is therefore unable to admit or deny this allegation.  For this reason, Defendant denies each and every allegation set forth in the referenced Paragraphs.

64 - 66.     Denied.

67.     The allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint are vague and ambiguous.  Defendant specifically denies that any portions of Covestro's facility were razed in such a way as to expose persons to chemicals or other substances.

68 - 77.     Denied.

78.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 78 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

79 - 80.     Denied.

81.     Defendant denies the assertion that Mr. Tribett was exposed to chemicals and that said exposure caused his terminal cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in

4823-6430-3344.v2

Paragraph 81 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

82 - 85.   Denied.

86.   Defendant denies the assertion that Mr. Helms was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 86 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

87.   Defendant denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 87 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

88.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 88 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

89 - 90.   Denied.

91.   Defendant denies the assertion that Mr. Joseph Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 91 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

4823-6430-3344.v2

92.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 92 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

93 - 94.     Denied.

95.     Defendant denies the assertion that Mr. Jeffrey Giovengo was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 95 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

96.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 96 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

97 - 99.     Denied.

100.     Defendant denies the assertion that Mr. Kimble was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 100 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

101.     Defendant denies the assertion that Mr. Moore has a lung burn injury from inhalation of an HCL acid spill caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 101 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

9

102 - 103.     Denied.

104.     Defendant denies the assertion that Mr. Moore was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 104 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

105.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 105 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

106 - 108.     Denied.

109.     Defendant denies the assertion that Mr. Burkett was exposed to chemicals and that said exposure caused his cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 108 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

110.     Defendant denies the assertion that Mr. Beatty was exposed to chemicals and that said exposure could cause him to develop cancer.

111.     Denied.

112.     Defendant denies the assertion that Mr. Beatty was exposed to toxic chemicals and that said exposure may cause him to develop cancer. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 112 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

4823-6430-3344.v2

113.    Defendant specifically denies that if Plaintiffs have been damaged that the damages were the result of any act or omission of Defendants.

**Count One**
**Negligence – Duty to warn (all defendants)**

114.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 113 of this Answer.

115.    Denied.

116.    The allegations contained in Paragraph 116 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

117.    Denied.

118.    The allegations contained in Paragraph 118 of the First Amended Complaint contain conclusions of law to which no response is required.  To the extent a response is deemed necessary, these allegations are denied and strict proof thereof is demanded.

119 - 121.    Denied.

122.    Defendant denies the allegations contained in Paragraph 122 and each of its respective subparagraphs.

**Count Two**
**Negligence – Failure to provide safe environment**
**to public and third party contractors (all defendants)**

123.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 122 of this Answer.

124 - 130.    Denied.

131.    Defendant denies the allegations contained in Paragraph 131 and each of its respective subparagraphs.

11

4823-6430-3344.v2

**Count Three**
**Negligence – Duty to take remedial action**

132.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 131 of this Answer.

133 - 138.    Denied.

139.    Defendant denies the allegations contained in Paragraph 139 and each of its respective subparagraphs.

**Count Four**
**Violation of Statute**

140.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 139 of this Answer.

141 - 143.    Denied.

**Count Five**
**Premises Liability**

144.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 143 of this Answer.

145.    It is admitted that Covestro received, manufactured and shipped various chemicals from its New Martinsville, WV site; however, Defendant is without sufficient knowledge or information to admit or deny that each and every chemical or substance identified in Plaintiffs' First Amended Complaint was present at the facility.

146.    Defendant denies the allegations contained in Paragraph 146 as the term "dangerous" is vague and ambiguous forcing the Defendant to speculate as to the meaning of these allegations.

147 - 150.    Denied.

4823-6430-3344.v2

151.    Defendant denies the allegations contained in Paragraph 151 and each of its respective subparagraphs.

152.    Denied.

## Count Six
### Loss of Consortium by Plaintiffs Isolde Helms, Michelle Giovengo, Connie Kimble, Ilse Burkett, Jane Beatty

153.    Defendant incorporates by reference the responses contained in Paragraphs numbered 1 through 152 of this Answer.

154.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 154 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

155.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 155 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

156.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 156 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

157.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 157 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

158.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 158 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

4823-6430-3344.v2

159.    Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations asserted in Paragraph 159 of the First Amended Complaint, and, for that reason, denies each and every allegation set forth in the referenced Paragraph.

160.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Helm's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 160 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

161.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Joseph Giovengo's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 161 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

162.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Kimble's alleged diagnosis was due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 162 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

163.    Defendant denies that it committed any wrongful acts and that the proximate cause of Mr. Burkett's alleged diagnosis was due to any alleged wrongful acts by Defendants including,

4823-6430-3344.v2

but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 163 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

164.    Defendant denies that it committed any wrongful acts and that cause of Mr. Beatty's will be diagnosed with cancer due to any alleged wrongful acts by Defendants including, but not limited to, the exposure of chemicals. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 164 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

165.    Defendant denies that Mr. Helm's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 165 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

166.    Defendant denies that Mr. Joseph Giovengo's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 166 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

167.    Defendant denies that Mr. Joseph Kimble's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations

4823-6430-3344.v2

asserted in Paragraph 167 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

168.   Defendant denies that Mr. Burkett's alleged development of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 168 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

169.   Defendant denies that Mr. Joseph Beatty's alleged fear and apprehension of developing of cancer and any other alleged injuries and/or illnesses were caused by Defendants. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations asserted in Paragraph 169 of the First Amended Complaint, and, for that reason, denies each and every remaining allegation set forth in the referenced Paragraph.

170.   Denied.

171.   Defendant denies that to the extent the identified Plaintiffs have been damaged that the damage was caused by any act or omission on the part of Defendants.

172.   Defendant denies all allegations and prayers for relief contained in in the "WHERFORE" Paragraph of the First Amended Complaint.

173.   Defendant denies all allegations and prayers for relief contained in the First Amended Complaint which are not specifically denied in the preceding responses.

4823-6430-3344.v2

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs have failed to state a claim or cause of action against Defendant upon which relief can be granted.

### SECOND DEFENSE

The allegations set forth in the First Amended Complaint are barred by the applicable statutes of limitation and/or repose.

### THIRD DEFENSE

This Court lacks jurisdiction over the subject matter and, therefore, this action should be dismissed.

### FOURTH DEFENSE

In the alternative, Plaintiffs commenced this action in a venue which is improper and, therefore, this action should be dismissed.

### FIFTH DEFENSE

In the alternative, Plaintiffs' claims are barred, in whole or in part, because Defendant did not owe any legal duty to Plaintiffs and/or the Decedent or, if Defendant did owe a legal duty to Plaintiffs and/or the Decedent, Defendant did not breach that duty.

### SIXTH DEFENSE

If Plaintiffs suffered any injuries and/or damages, such injuries or damages were caused solely by, and were the direct and proximate result of, the negligence of Plaintiffs and/or Plaintiff's Decedent.  Further, said negligence constitutes a superseding, intervening cause of the alleged injuries and/or damages claimed by Plaintiffs.

4823-6430-3344.v2

## SEVENTH DEFENSE

If it is shown that Plaintiffs and/or the Decedent was exposed to any products Covestro allegedly manufactured or otherwise utilized at the New Martinsville facility, if any, Plaintiffs and/or the Decedent assumed any and all risk of injury that may have resulted from the use or exposure to these products.

## EIGHTH DEFENSE

Defendant neither knew nor should have known that any of the products manufactured or otherwise utilized at the New Martinsville facility, which may be shown to have been used by Plaintiffs and/or the Decedent, or to which Plaintiffs and the Decedent claim were exposed, were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific, or industrial knowledge available to Defendant at all times relevant hereto.

## NINTH DEFENSE

The allegations of the First Amended Complaint are barred by the doctrine of laches.

## TENTH DEFENSE

Plaintiffs failed to join necessary or indispensable parties in this action and, in accordance with West Virginia Rule of Civil Procedure 12(b)(7), should be dismissed.

## ELEVENTH DEFENSE

Plaintiffs and/or the Decedent failed to use available protective equipment, which directly and proximately caused and contributed to all or part of the injuries and damages claimed by the Plaintiffs herein, which bars the right of the Plaintiffs to recover herein for any injuries and/or damages.

4823-6430-3344.v2

## TWELTH DEFENSE

Plaintiffs have waived the right to assert the claims stated in the First Amended Complaint.

## THIRTEENTH DEFENSE

Plaintiffs are estopped to assert and recover on the claims stated in the First Amended Complaint.

## FOURTEENTH DEFENSE

Plaintiffs and/or the Decedent did not reasonably rely on any representation, disclaimer, warning, or other act or omission of Defendant.

## FIFTEENTH DEFENSE

If Plaintiffs and/or the Decedent sustained any injuries and/or suffered damages as alleged in the First Amended Complaint, all of which Defendant specifically denies, then such injuries and/or damages were caused or contributed to by Plaintiffs and/or the Decedent's own negligence, by way of, but not limited to, Plaintiffs and/or the Decedent's failure to wear a respirator and/or other personal protective equipment, engage in safe-work practices, and/or to adequately themselves from risk of harm.

## SIXTEENTH DEFENSE

The alleged injuries and/or damages incurred by the Plaintiffs and/or the Decedents were caused by unauthorized, unattended, or improper use of the products complained of and, as a result of failure to exercise reasonable and ordinary care, caution, and vigilance, for which Defendant is not liable or responsible.

## SEVENTEENTH DEFENSE

In the alternative, the First Amended Complaint, and each cause of action presented therein, are barred on the grounds that the products or materials referred to in the First Amended

19

Complaint were not a substantial factor in bringing about the injuries and damages complained of by the Plaintiffs and/or the Decedent.

EIGHTEENTH DEFENSE

Defendant denies that Plaintiffs and/or the Decedent was exposed to any product manufactured or utilized by Covestro or any predecessor of Covestro and, therefore, denies that it is liable to the Plaintiffs upon any claim or cause of action set forth in the First Amended Complaint.

NINETEENTH DEFENSE

Plaintiffs and/or the Decedent's own negligence equals or exceeds the negligence, if any, of Defendant, or the other defendants herein.

TWENTIETH DEFENSE

Defendant asserts that Plaintiffs and/or the Decedent's own conduct created the alleged unsafe working condition described in the First Amended Complaint.

TWENTY-FIRST DEFENSE

The alleged injuries, illnesses, and/or damages incurred by Plaintiffs and/or the Decedent were not proximately caused or contributed to by any act or omission of Defendant. To the extent that Plaintiffs and/or the Decedent suffered from any alleged injuries, they were caused by the acts or omissions on the part of parties, nonparties, individuals, and entities other than Defendant, which negligence supersedes the negligence, if any, of Defendant, and that the others' acts are an intervening cause of Plaintiffs' claimed injuries, illnesses, and/or damages.

TWENTY-SECOND DEFENSE

The claims filed by Plaintiffs are barred by issue preclusion, the doctrine of res judicata, and/or collateral estoppel.

20

### TWENTY-THIRD DEFENSE

Any claims of the Plaintiffs against Defendant are barred by the independent, intervening, and/or superseding events of third parties over which Defendant had no control, which events were unrelated to any conduct of Defendant.

### TWENTY-FOURTH DEFENSE

In the alternative, Plaintiffs' claims are barred inasmuch as they are preempted by one or more statutes, rules and/or regulations of the United States government.

### TWENTY-FIFTH DEFENSE

The conduct and activities of Defendant alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time alleged in the First Amended Complaint.

### TWENTY-SIXTH DEFENSE

Not being fully advised as of the facts and circumstances by the First Amended Complaint, Defendant reserves the right to amend this Answer and/or assert any and all additional affirmative defenses, as may be appropriate under the facts and circumstances of this case, including those contemplated by Rules 8 and 12 of the West Virginia Rules of Civil Procedure and any other matter contemplated by existing West Virginia law.

### TWENTY-SEVENTH DEFENSE

In the event that it is judicially determined that Plaintiffs and/or the Decedent were exposed to a product manufactured or sold by entities not parties to this action, then it is averred that the product(s) were sold or transported by other parties under circumstances which did not create any duty on the part of Defendant to the Plaintiffs.

4823-6430-3344.v2

<u>TWENTY-EIGTH DEFENSE</u>

In the alternative, in the event that it is judicially determined that Plaintiffs and/or the Decedent was exposed to a defective or unreasonable product as alleged, which is specifically denied, then it is averred that, based upon the state of scientific and technological knowledge of Defendant at the time the product was marketed, the product was not defective or unreasonably dangerous and did not present a foreseeable risk of harm to Plaintiffs and/or the Decedent in the normal and expected use of the product.

<u>TWENTY-NINTH DEFENSE</u>

Defendant incorporates herein by reference, as if more fully set forth, all the affirmative defenses raised by other defendants to the extent that they are consistent with the positions taken by Defendant in this Answer.

<u>THIRTIETH DEFENSE</u>

Defendant adopts all defenses available to it under West Virginia law including, but not limited to, defense available under the West Virginia Code.

<u>THIRTY-FIRST DEFENSE</u>

Defendant reserves the right to assert any Counterclaims, Cross-claims and/or Third -Party Complaints should discovery reveal the necessity of such action.

<u>THIRTY-SECOND DEFENSE</u>

Defendant reserves the right to assert any and all other affirmative defenses, as well as any immunities, which discovery may reveal appropriate.

4823-6430-3344.v2

Respectfully Submitted,

THOMAS STILL

By Counsel.

Michael P. Leahey (WVSB #9934)
Zachary H. Warder (WVSB #13566)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
Phone: 304-284-4100
Fax:  304-284-4140
E-mail: zachary.warder@jacksonkelly.com

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| **TONYA TRIBETT, as the Executrix for the** | : | |
| **Estate of GEORGE MICHAEL TRIBETT,** | : | |
| **RONALD HELMS, ISOLDE HELMS,** | : | |
| **JOSEPH GIOVENGO,** | : | |
| **MICHELLE GIOVENGO,** | : | |
| **JEFFREY GIOVENGO,** | : | |
| **FRANK KIMBLE, CONNIE KIMBLE,** | : | |
| **JEREMY MOORE, WILLIAM BURKETT,** | : | |
| **ILSE BURKETT, GREG BEATTY, JANE** | : | |
| **BEATTY,** | : | **Civil Action No. 21-C-34** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COVESTRO LLC, THOMAS STILL, and** | : | |
| **CRAIG GRAYBILL,** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Zachary H. Warder, do hereby certify that I served the foregoing, **"DEFENDANT THOMAS STILL'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT,"** upon the following, via U.S. Mail, postage prepaid, on this **28ᵗʰ** day of June 2021, to the following:

Paul J. Harris, Esquire
32 Fifteenth Street
Wheeling, WV  26003

Zachary H. Warder (WVSB #13566)

4823-6430-3344.v2

IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

TONYA TRIBETT, as Executrix for the
Estate of GEORGE MICHAEL TRIBETT,
RONALD HELMS, ISOLDE HELMS,
JOSEPH GIOVENGO,
MICHELLE GIOVENGO,
JEFFREY GIOVENGO,
FRANK KIMBLE, CONNIE KIMBLE,
JEREMY MOORE, WILLIAM BURKETT,
ILSE BURKETT, GREG BEATTY,
JANE BEATTY,
     PlaintiffS,



v.                                      Civil Action No. 21-C-34

COVESTRO LLC, THOMAS STILL and
CRAIG GRAYBILL,

     Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

On a prior day came Plaintiffs, by counsel and filed a Motion to Compel Discovery

Responses to Plaintiffs' First Set of Discovery Requests.  After consideration of the

briefs filed by the parties, and for reasons appearing to the Court, the Court hereby

GRANTS Plaintiffs' Motion to Compel.  Defendants shall provide full and complete

answers to discovery on or before February 21, 2022.  The answers shall address the

specific chemicals and materials identified in the meet and confer correspondence.

The time period is limited in time to when the first plaintiff began employment on

the property.  The hearing previously set for February 7, 2022 is hereby VACATED.

Objections and exceptions of the defendants are saved.

The clerk shall transmit attested copies of this Order to counsel for both parties.

It is so ORDERED.

Entered this 26th day of January, 2022.


Jeffrey D. Cramer, Judge
Division I, 2nd Judicial Circuit
State of West Virginia


A Copy Teste:
Joseph J. Rush, Clerk
By _____ Deputy

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, WEST VIRGINIA

TONYA TRIBETT, as the Executrix for the            :
Estate of GEORGE MICHAEL TRIBETT,        :
RONALD HELMS, ISOLDE HELMS,                   :
JOSEPH GIOVENGO,                                              :
MICHELLE GIOVENGO,                                       :
JEFFREY GIOVENGO,                                           :
FRANK KIMBLE, CONNIE KIMBLE,            :
JEREMY MOORE, WILLIAM BURKETT,      :
ILSE BURKETT, GREG BEATTY, JANE        :
BEATTY,                                                                   :       Civil Action No. 21-C-34
                                                                                 :       The Honorable Jeffrey D. Cramer
                   **Plaintiffs,**                                   :
                                                                                 :
v.                                                                             :
                                                                                 :
COVESTRO LLC, THOMAS STILL, and        :
CRAIG GRAYBILL,                                             :
                                                                                 :
                   **Defendants.**                                :

## ORDER GRANTING IN PART AND DENYING IN PART COVESTRO'S
## MOTION TO COMPEL

On December 21, 2021, Defendant Covestro LLC ("Covestro"), by and through counsel,

moved this Court, pursuant to Rule 37 of the West Virginia Rules of Civil Procedure, to compel

Plaintiffs, Tonya Tribett, as the Executrix for the Estate of George Michael Tribett, Ronald Helms,

Isolde Helms, Joseph Giovengo, Michelle Giovengo, Jeffrey Giovengo, Frank Kimble, Connie

Kimble, Jeremy Moore, William Burkett, Ilse Burkett, Greg Beatty, and Jane Beaty (hereafter

collectively referred to as "Plaintiffs"), to provide full and complete responses to Covestro's First

Set of Discovery Requests.  On January 25, 2022, Plaintiffs filed a Response in Opposition.

Covestro filed a Reply in Support of Its Motion to Compel on January 27, 2022.

Having reviewed the respective party's briefs and all pertinent legal authority, Covestro's

Motion to Compel is **GRANTED** in part and **DENIED** in part.  The Court finds that, based upon

the information before the Court, Covestro has exceeded 40 interrogatories to each

2

Plaintiff.  However, the Court does not believe that the Defendants exceeded the permitted number within the first 11 numbered interrogatories.  Accordingly, without leave of Court, the Defendants may seek answers to 10 additional interrogatories per Plaintiff, or, in the case of the coupled Plaintiffs who were served jointly with a single set of discovery, 10 per set. This Court disagrees with Defendants' assertion that they are permitted 80 interrogatories directed to such Plaintiffs (married couples), as in the instant circumstance, such Plaintiffs were not served with separate sets of discovery.  The Defendants may choose 10 of the previously served interrogatories for the Plaintiffs to answer, or Defendants may serve 10 new interrogatories.  Compound interrogatories will be treated as multiple interrogatories.

Objections and exceptions are saved.

The Clerk of the Court is directed to transmit a copy of this **ORDER** to all parties of record.

It is so ORDERED.

ENTERED: March 16, 2022

_____
Judge Cramer

Prepared By:

/s/ *Michael P. Leahey*
_____
Michael P. Leahey (WVSB #9934)
JACKSON KELLY PLLC
Union Trust Building
501 Grant Street, Suite 1010
Pittsburgh, PA 15219
E-mail: mpleahey@jacksonkelly.com

A Copy Teste:
Joseph M. Rucki, Clerk
By _____ Deputy

3

4881-3470-3889.v1

Zachary H. Warder (WVSB #13566)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV 26501
E-mail: zachary.warder@jacksonkelly.com

4