**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
(Wheeling)

| | |
|---|---|
| **TONYA TRIBETT, as the Executrix for the Estate of GEORGE MICHAEL TRIBETT, RONALD HELMS, ISOLDE HELMS, MICHELLE GIOVENGO, as the Administratrix for the ESTATE OF JOSEPH GIOVENGO, MICHELLE GIOVENGO, JEFFREY GIOVENGO, FRANK KIMBLE, CONNIE KIMBLE, JEREMY MOORE, WILLIAM BURKETT, ILSE BURKETT, GREG BEATTY, JANE BEATTY, JOSH GIOVENGO, HOWARD STAMP, and PAM STAMP** : <br><br> Plaintiffs, <br><br> v. <br><br> **COVESTRO LLC, THOMAS STILL, and CRAIG GRAYBILL,** <br><br> Defendants. | : <br> : <br> : **CASE NO. 5:22-cv-00111-JPB** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS THOMAS STILL AND CRAIG GRAYBILL'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**COME NOW** Defendants Thomas Still and Craig Graybill (collectively "Defendants"), by and through their counsel, Michael P. Leahey, Esq., Erin R. Vuljanic, Esq. and Zachary H. Warder, Esq., of Jackson Kelly, PLLC, and hereby move to dismiss all counts of Plaintiffs' Second Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## I.   Introduction

On or about April 29, 2021, plaintiffs Tonya Tribett, as the Executrix for the Estate of George Michael Tribett, Ronald Helms, Isolde Helms, Joseph Giovengo, Michelle Giovengo,

1

Jeffrey Giovengo, Frank Kimble, Connie Kimble, Jeremy Moore, William Burkett, Ilse Burkett, Greg Beatty, and Jane Beatty filed this lawsuit in Marshall County Circuit Court, Civil Action No. 21-C-34, against Defendants, asserting counts for negligence, premises liability, and loss of consortium. A First Amended Complaint was subsequently filed on May 12, 2021.

On April, 27, 2022, Covestro LLC and Defendants removed this Civil Action to the Northern District of West Virginia after discovering that Thomas Still had been fraudulently joined in order to defeat diversity jurisdiction. [*See* Doc. 1]. On April 28, 2022, Plaintiffs filed a Motion to Amend their Complaint in this Court to substitute Michelle Giovengo, Administratrix of the Estate of Joseph Giovengo, for Plaintiff Joseph Giovengo. [*See* Doc. 4]. Plaintiffs' Motion to Amend also sought to add Josh Giovengo and Howard Stamp as additional parties. [*See* Doc. 4]. This Court granted Plaintiffs' Motion to Amend on April 29, 2022. [*See* Doc. 5]. (The plaintiffs in the Second Amended Complaint are referred to herein as "Plaintiffs".)  Plaintiffs filed their Second Amended Complaint on May 13, 2022. [*See* Doc. 8]. Now, Defendants file this Motion to Dismiss for failure to state a claim upon which relief can be granted.

## II.     Standard of Review

To survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, Rule 8(a)(2) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Needing more than just "labels and conclusions," a complaint must provide factual support other than just a "formulaic recitation of the elements of a cause of action." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a court must take all factual allegations in the complaint as true when addressing a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and a plaintiff's legal conclusions couched as factual allegations need not be accepted as true. *Iqbal*, 556 U.S. at 678.

### III.   Legal Argument

**A.   Plaintiffs' Second Amended Complaint Fails to Plead Sufficient Facts.**

The Second Amended Complaint's allegations against Defendants must be dismissed as they do not meet the strict pleading requirements of *Twombly* and *Iqbal*. As outlined above, it is incumbent on the Plaintiffs to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Plaintiffs' allegations against Defendants woefully fail to meet this burden.

Here, the Plaintiffs' allegations against Defendant Still derive from the assertion that he was the health and safety coordinator for Covestro LLC during the time wherein Plaintiffs George Michael Tribett, Ronald Helms, Joseph Giovengo, Jeffrey Giovengo, Frank Kimble, Jeremy Moore, William Burkett, Greg Beatty, Josh Giovengo, and Howard Stamp were allegedly exposed to chemicals while employed as railway workers (hereinafter referred to as "Railroad Plaintiffs"). [*See* Doc. 8 at ¶¶ 53-58]. Similarly, the Plaintiffs' allegations against Defendant Graybill derive from the assertion that he was the plant manager for Covestro LLC during the time wherein the Railroad Plaintiffs were employed as railway workers. [*See* Doc. 8 at ¶¶ 59-64]. However, the Second Amended Complaint is bereft of any factual content that would allow the Court to reasonably infer that Defendants could be liable for the alleged conduct.

Indeed, the Second Amended Complaint fails to identify which railroad the Plaintiffs worked for when the alleged exposure occurred. Rather, the complaint vaguely avers that the Plaintiffs are/were employees at a "railway company." [*See* Doc. 8 at ¶¶ 24-50]. Moreover, the Second Amended Complaint fails to allege when the alleged exposure took place nor does it state the periods of employment for any of the Railroad Plaintiffs. [*See* Doc. 8].[1] Finally, the Second Amended Complaint admits that Railroad Plaintiffs were never employed by defendant Covestro LLC. [Doc. 8. at ¶ 65].

Accordingly, any duty that Defendants allegedly owed to the third-party Railroad Plaintiffs would have to stem from Defendants employment roles with Covestro LLC. By omitting the place of employment, timeframes of employment and exposure for the Railroad Plaintiffs, Plaintiffs have failed to allege sufficient facts to sustain a cause of action against Defendants. Consequently, the Second Amended Complaint's allegations against Defendants fail to comply with the strict pleading requirements of *Iqbal* and *Twombly* and Defendants should be dismissed with prejudice from this Civil Action.

### B.  Even if Sufficient Facts were Plead, the Plaintiffs' Second Amended Complaint did Seek Damages or Independent Torts Specifically and Solely from Defendants.

Plaintiffs cannot sustain their claims against Defendants because they are only being sued in their capacity as employees of Covestro LLC and no form of independent relief is sought against them as individuals. In *Kahle v. Chesapeake Energy Corp., et. al.*, this Court analyzed whether the non-diverse, individual defendant Kevin Swiger was fraudulently joined in order to destroy

---

[1] Per the Defendants arguments raised in their Notice of Removal [Doc. 1], Plaintiffs likely omit the periods of employment because if they were included, Plaintiffs cannot sustain a cause of action against Defendants. Indeed, it has been revealed that that none of the Railroad Plaintiffs can claim that they have been exposed to chemicals at the New Martinsville Plant since 2015, and that Defendant Still did not hold the position that Plaintiffs' allege forms the basis of his liability until 2018. [Doc. 1 at ¶¶ 16–43]. Similarly, Defendant Graybill also did not hold the position that Plaintiffs' allege forms the basis of his liability until 2018. Accordingly, there is no legal avenue by which the Plaintiffs can argue that that Mr. Still is liable to them for their alleged injuries either individually or via respondeat superior.

diversity, as the allegations in the complaint did not relate to Swiger, nor were there specifically enumerated causes of action against him. *Kahle v. Chesapeake Energy Corp., et. al.*, 2011 WL 2182112 (N.D. W.Va. June 3, 2011). The only allegations specifically directed at Swiger in the entire complaint was that he was a Field Representative for defendant Chesapeake and that he was a resident of West Virginia. *Id.* at *4. Accordingly, the Court held that Swiger had been fraudulently joined as there were no specific claims asserted against him nor any independent relief sought solely from him. *Id.* at *5.

Moreover, in *Linnin v. Michielsens*, the United States District Court for the Eastern District of Virginia found that a defendant had been fraudulently joined because the plaintiff had no intention of getting a joint judgment. *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 823-24 (E.D. Va. 2005). In reaching its conclusion, the Court reasoned that "[a]ssuming, for the sake of argument, that defendant Michielsens could be found negligent in this case, it will be Hertz, the deep-pocket employer, who will ultimately be responsible for any damages under the doctrine of respondeat superior. . . . In this case, Plaintiff has nothing to gain from joining Defendant Michielsens except for defeating diversity." *Id.*

Finally, although the *Linnin* and *Kahle* cases center on questions of fraudulent joinder, their holdings still pertain to this Motion to Dismiss "as the standard that applies to fraudulent joinder "is even more favorable to the plaintiff than the standard of review for ruling on a motion to dismiss." *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir.1999).

Here, much like in *Kahle* and *Linnin*, Plaintiffs' Second Amended Complaint fails to assert specific claims against Defendant Still and Defendant Graybill. Rather, the claims against the Defendants stem from their respective employment roles at defendant Covestro LLC. [*See* Doc.8 at ¶¶ 53-64] Moreover, the Plaintiffs' Second Amended Complaint only alleges damages against

the defendants generally and never against Defendants Still and Graybill individually. [*See* Doc.8 at ¶¶ 131-195]. Accordingly, Plaintiffs have no intention of obtaining a joint judgment nor do they assert independent torts against Defendants in the Second Amended Complaint.

Consequently, defendants Still and Graybill should be dismissed from this matter as there are no independent claims for tort asserted against them and the Plaintiffs do not seek damages against them as individuals.

## IV.     Conclusion

WHEREFORE, for the reasons set forth above, defendants Thomas Still and Craig Graybill respectfully requests that, in the interests of justice, the Court grant their Motion to Dismiss the Second Amended Complaint as to them.

Respectfully submitted,

**THOMAS STILL AND CRAIG GRAYBILL**

By Counsel,

/s/ Michael P. Leahey
Michael P. Leahey (WVSB #9934)
Erin R. Vuljanic, Esq. (WVSB #10242)
JACKSON KELLY PLLC
Union Trust Building
501 Grant Street, Suite 1010
Pittsburgh, PA 15219
E-mail: mpleahey@jacksonkelly.com
E-mail: erin.vuljanic@jacksonkelly.com

Zachary H. Warder (WVSB #13566)
JACKSON KELLY PLLC
150 Clay Street, Suite 500
Morgantown, WV  26501
E-mail: zachary.warder@jacksonkelly.com

4867-1985-3088.v1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(Wheeling)

| | |
|---|---|
| **TONYA TRIBETT, as the Executrix for the Estate of GEORGE MICHAEL TRIBETT, RONALD HELMS, ISOLDE HELMS, MICHELLE GIOVENGO, as the Administratrix for the ESTATE OF JOSEPH GIOVENGO, MICHELLE GIOVENGO, JEFFREY GIOVENGO, FRANK KIMBLE, CONNIE KIMBLE, JEREMY MOORE, WILLIAM BURKETT, ILSE BURKETT, GREG BEATTY, JANE BEATTY, JOSH GIOVENGO, HOWARD STAMP, and PAM STAMP** | : <br> : <br> : CASE NO. 5:22-cv-00111-JPB <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| **Plaintiffs,** | : |
| v. | : |
| **COVESTRO LLC, THOMAS STILL, and CRAIG GRAYBILL,** | : <br> : <br> : |
| **Defendants.** | : |

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing **" Defendants Thomas Still and Craig Graybill's Motion to Dismiss Second Amended Complaint"** was filed with the court through the ECF system, and copies of the above will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF), and paper copies will be sent to those indicated as non-registered participants on the 27th day of May, 2022.

            Paul J. Harris, Esquire
            32 Fifteenth Street
            Wheeling, WV  26003

/s/ Michael P. Leahey
Michael P. Leahey, Esq.

8

4867-1985-3088.v1